IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | |
|---|---|
| ASBURY AUTOMOTIVE GROUP, INC., *et al.*, <br><br> *Plaintiffs*, <br> v. <br> THE FEDERAL TRADE COMMISSION, *et al.*,. <br><br> *Defendants*. | No. 4:24-CV-00950-O |

**REPLY BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION
STAYING FTC PROCEEDING PENDING ADJUDICATION OF
<u>THE PLAINTIFFS' CONSTITUTIONAL CLAIMS</u>**

Edward D. Burbach*
 (Texas State Bar No. 03355250)
John Sepehri
 (Texas State Bar No. 00797408)
Robert F. Johnson III
 (Texas State Bar No. 10786400)
Brandon M. Livengood
 (Texas State Bar No. 24128022)
**FOLEY & LARDNER LLP**
600 Congress Avenue, Suite 2900
Austin, Texas 78701
Tel: 512.542.7000
Fax: 512.542.7100
Email: eburbach@foley.com
Email: jsepehri@foley.com
Email: rjohnson@foley.com
Email: brandon.livengood@foley.com

_____
*Attorney in charge
^ Admitted *pro hac vice*

Todd A. Murray
 (Texas State Bar No. 00794350)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Tel: 214.999.3000
Fax: 214.999.4667
Email: tmurray@foley.com

Michael J. Lockerby^
Megan Chester^
**FOLEY & LARDNER LLP**
Washington Harbour
3000 K Street N.W., Suite 600
Washington, D.C. 20007
Tel.: 202.672.5300
Fax: 202.672.5399
Email: mlockerby@foley.com
Email: mxchester@foley.com

*Counsel for the Plaintiffs*

December 10, 2024

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1
II. ARGUMENT ......................................................................................................................... 2

    A. Plaintiffs Have Demonstrated they Are Highly Likely to Prevail on the Merits ................................................................................................................. 2

    B. Plaintiffs Have Amply Shown they Will Suffer Irreparable Harm ......................... 3

        1. Axon Leaves No Room to Conclude there is Not Irreparable Injury Here ............................................................................................................. 3

        2. Multiple Texas Courts Have Held Based on Axon that Structural Constitutional Challenges Present Irreparable Injury if Not Enjoined ................................................................................................... 5

        3. Defendants Make Erroneous Arguments Based on Inapposite or Unpersuasive Precedent or Suggest Improper Alternate Remedies ............ 6

    C. Caselaw Demonstrates Plaintiffs Have Proven the Remaining Injunction Elements ................................................................................................................. 9

III. CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

Cases

*ABM Industry Groups, LLC v. United States Depar't of Lab*,
  2024 WL 4642962 (S.D. Tex. Oct. 30, 2024).............................................................................. 9
*Alpine Sec. Corp. v. FINRA*,
  2023 WL 4703307 (D.C. Cir. July 5, 2023) ....................................................................... 6, 10
*Aunt Bertha v. NLRB*,
  No. 4:24-cv-00798-P, 2024 WL 4202383 (N.D. Tex. Sept. 16, 2024)......................... 5, 6, 9, 10
*Axon Enter., Inc. v. FTC*,
  598 U.S. 175 (2023)...................................................................................................... 1, 4, 6
*BST Holdings, L.L.C. v. OSHA*,
  17 F.4th 604 (5th Cir. 2021) ................................................................................................ 10
*Burgess v. FDIC*,
  639 F. Supp. 3d 732 (N.D. Tex. 2022) ................................................................................... 5
*Burgess v. FDIC*,
  871 F.3d 297 (5th Cir. 2017) ............................................................................................ 4, 10
*Career Colleges and Schools of Texas v. United States Dept. of Educ.*,
  98 F.4th 220 (5th Cir. 2024) .................................................................................................. 8
*Cheney v. U.S. Dist. Ct. for D.C.*,
  542 U.S. 367 (2004)............................................................................................................... 5
*Cochran v. SEC*,
  20 F.4th 194 (5th Cir. 2021)(en banc) ................................................................................ 6, 7
*Collins v. Yellen*,
  594 U.S. 220 (2021)............................................................................................................... 7
*Consumers' Rsch. v. CPSC*,
  91 F.4th 342 (5th Cir. 2024) .................................................................................................. 7
*Dairy Queen, Inc. v. Wood*,
  369 U.S. 469 (1962)............................................................................................................... 5
*Dennis Melancon, Inc. v. City of New Orleans*,
  703 F.3d 262 (5th Cir. 2012) ................................................................................................. 4
*Energy Transfer, LP v. NLRB*,
  No. 3:24-cv-198, 2024 WL 3571494 (S.D. Tex. July 2024) .......................................... passim
*Free Enter. Fund v. PCAOB*,
  561 U.S. 477 (2010).............................................................................................................. 10
*Illumina, Inc. v. Fed. Trade Comm'n*,
  88 F.4th 1036 (5th Cir. 2023) ................................................................................................ 3
*Jackson Women's Health Org. v. Currier*,
  760 F.3d 448 (5th Cir. 2014) ................................................................................................ 10
*Jarkesy v. SEC*,
  34 F.4th 446 (5th Cir. 2022) .............................................................................................. 2, 3
*Leachco v. CPSC*,
  103 F.4th 748 (10th Cir. 2024) ........................................................................................... 7, 8

*Mitchell v. Forsyth*,
   472 U.S. 511 (1985) ................................................................................................... 4
*Nken v. Holder*,
   556 U.S. 418 (2009) ................................................................................................... 9
*Parker v. Dunlop*,
   517 F.2d 785 (5th Cir. 1975) ..................................................................................... 4
*SEC v. Jarkesy*,
   144 S.Ct, 2117 (2024) ............................................................................................ 2, 3
*Seila Law v. CFPB*,
   591 U.S. 197 (2020) ............................................................................................... 3, 7
*Seton v. NLRB*,
   NO. 1-24-CV-01176-ADA, 2024 WL 4678057 (W.D. Tex. Oct. 18, 2024) ......... 6, 10
*Space Expl v. NLRB*,
   No. W-24-CV-00203-ADA, 2024 WL 3512082 (W.D. Tex. July 23, 2024) ..... 6, 9, 10
*Space Expl. Techs., Corp. v. Bell,*
   701 F.Supp.3d 626 (S.D. Tex. 2023) ........................................................................ 6
*Spiegel v. City of Houston*,
   636 F.2d 997 (5th Cir. 1981) ..................................................................................... 4
*Stern v. Marshall*,
   564 U.S. 462 (2011) .................................................................................................. 10
*Walmart Inc. v. King*,
   CV 623-040, 2024 WL 1258223 (S.D. Ga. March 25, 2024) ................................ 6, 9

Constitutional Provisions

U.S. Const. art. II ................................................................................................... 1, 3, 4
U.S. Const. art. III, § 1 .............................................................................................. 1, 2, 8
U.S. Const. amend. VII ................................................................................................... 5

Other Authorities

THE FEDERALIST No. 78 (Alexander Hamilton) (C. Rossiter ed. 1961)). .............................. 10
FTC 2022-2026 Strategic Plan ........................................................................................ 2
S. Rep. 93-151 ................................................................................................................. 2
Wheeler-Lea Act of 1938, Pub. L. 75-447 ...................................................................... 2

## I.     INTRODUCTION[1]

The Plaintiffs,[2] by counsel, respectfully state as follows in reply to Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction. ECF 23 (the "Defendants' Opposition"). The injunction the Plaintiffs seek would prohibit the Federal Trade Commission (the "FTC" or "Commission") from taking further action in the administrative "FTC Proceeding"[3] pending this Court's adjudication of their constitutional claims. By the Defendants own admission, the brief supporting its Opposition "is largely the same" as the brief supporting its concurrently filed Motion to Dismiss.[4] The Plaintiffs' response to the that brief forcefully demonstrates—in negating the Defendants assertions that Plaintiffs have failed to state claims for relief—that Plaintiffs have much more than a substantial likelihood of success on the merits of their claims.[5] At a high level, this is because (1) the Defendants have asserted claims closely related to fraud claims as they were known at the founding in the common law and at equity such that Plaintiffs are entitled to have the dispute adjudicated in an Article III court with a jury sitting to hear the facts, (2) the FTC Proceeding violates their Fifth Amendment due process rights to notice and a fair hearing, and (3) because both the FTC's ALJs and the FTC Commissioners are impermissibly shielded under Article II of the Constitution from presidential control.  The other injunction elements are also met here.  Specifically, suffering through a proceeding subject to the constitutional infirmities Plaintiffs allege is inherently irreparable injury under *Axon Enter., Inc. v. FTC*, 598 U.S. 175 (2023) and the

---

[1] All emphasis is added unless otherwise stated.
[2] Asbury Automotive Group, Inc.; Asbury Ft. Worth Ford, LLC d/b/a David McDavid Ford Ft. Worth; McDavid Frisco – Hon, LLC d/b/a David McDavid Honda of Frisco; McDavid Irving – Hon, LLC d/b/a David McDavid Honda of Irving; and Ali Benli.
[3] The "FTC Proceeding" is styled *In the Matter of Asbury Automotive Group, Inc. et. al.*, is pending on the FTC Docket's as No. D-9436, and names the Plaintiffs as respondents.
[4] *See* Defendants' Memorandum in Support of Their Motion to Dismiss. ECF 25 at 9, n. 1.
[5] For this reason, Plaintiffs have largely summarized their arguments on the merits here and focused here on the other elements that must be met for this Court to issue the preliminary injunctive relief Plaintiffs seek.

public interest and equities are not served by allowing an illegitimate proceeding presided over by illegitimate decisionmakers to continue. Thus, the Court should reject the Defendants' opposition.

## II. ARGUMENT

### A. Plaintiffs Have Demonstrated They Are Highly Likely to Prevail on the Merits.

In addressing the Defendants' arguments that assert the Plaintiffs have failed to show a substantial likelihood of success on the merits, it is important to first appreciate that the FTC's having conducted administrative proceedings for 110 years is both misleading, and not pertinent to the analysis articulated in the relevant judicial authority. While the FTC began in 1914, its current mission (a) is to "protect all segments of the population from fraud . . . ,"[6] (b) stems from the Wheeler-Lea Act of 1938,[7] which "superimposed a structure of Federal law upon the existing system of common law remedies for fraud and deceit" and (c) was significantly enhanced in 1973, when Congress desired to give the Commission broad injunctive powers in "in the routine fraud case."[8] Thus, the Defendants' opposition unwittingly crystalizes the core constitutional issues presented by Plaintiffs. As the FTC evolved, it has encroached significantly into claims and remedies that otherwise clearly have been within the purview of Article III Courts since 1789.

With this history as context, it is evident that the relevant analysis presented here turns on four points. First, the FTC's Complaint against Asbury in the FTC Proceeding states a claim under Article III of the Constitution because, under *SEC v. Jarkesy*, 144 S.Ct, 2117 (2024), the Complaint articulates claims that involve "private rights," which presumptively include claims that have a "close relationship" to a "suit at the common law, or in equity," namely fraud. Second, the FTC Proceeding violates the Plaintiffs' right to a jury trial because, under *Jarkesy v. SEC*, 34 F.4th 446,

---

[6] FTC's 2022-2026 Strategic Plan.
[7] Wheeler-Lea Act of 1938, Pub. L. 75-447, 52 Stat. 111 (1938).
[8] S. Rep. 93-151, 30-31.

2

457 (5th Cir. 2022), *aff'd by*, 144 S.Ct, 2117 (2024), the Plaintiffs have "the right for a jury to adjudicate the facts underlying any potential fraud liability that justifies penalties." Third, the FTC Proceeding denies the Plaintiffs their due process rights of fair notice and unbiased adjudication because parties to FTC proceedings—and here Plaintiffs in particular—do not have discovery and trial rights comparable to those in the Federal Rules of Civil Procedure, as evidenced, among other things, by a cursory comparison of the Federal Rules of Civil Procedure and the FTC's adjudicative rules, and perhaps most critically, the FTC Proceeding violates Article II because the FTC's ALJs—just as ALJs associated with myriad agencies exercising similar power—impermissibly possess multiple layers of protection from Presidential removal under the Fifth Circuit's opinion in *Jarkesy*. Finally, with respect to their Article II claim concerning removal protections for FTC commissioners, Plaintiffs are not asking this Court to "overturn a Supreme Court precedent." *See Illumina, Inc. v. Fed. Trade Comm'n*, 88 F.4th 1036, 1047 (5th Cir. 2023). Rather, they merely seek to have the Court examine the Supreme Court's precedents in light of the "new situation." *See Seila Law v. CFPB*, 591 U.S. 197, 220 (2020) (citation omitted).

**B.    Plaintiffs Have Amply Shown they Will Suffer Irreparable Harm.**

   **1.    *Axon Leaves No Room to Conclude there is Not Irreparable Injury Here.***

In opposition to the Plaintiffs' preliminary injunction motion, the Defendants contest irreparable injury—notwithstanding the strong language in *Axon*. There, the Supreme Court found "here-and-now injury" from "subjection to an illegitimate proceeding, led by an illegitimate decisionmaker" in which the FTC (as it does in this case) sought "only" a cease-and-desist order:

> The harm Axon and Cochran allege is "being subjected" to "unconstitutional agency authority"—a "proceeding by an unaccountable ALJ . . . ." That harm may sound a bit abstract; but this Court has made clear that it is "a here-and-now injury. . . ." And—here is the rub—it is impossible to remedy once the proceeding is over, which is when appellate review kicks in.

3

> Suppose a court of appeals agrees with Axon, on review of an adverse FTC decision, that ALJ-led proceedings violate the separation of powers. The court could of course vacate the FTC's order. But Axon's separation-of-powers claim is not about that order; indeed, Axon would have the same claim had it *won* before the agency. The claim, again, is about subjection to an illegitimate proceeding, led by an illegitimate decisionmaker. And as to that grievance, the court of appeals can do nothing: A proceeding that has already happened cannot be undone. Judicial review of Axon's (and Cochran's) structural constitutional claims would come too late to be meaningful.

*Axon Enter., Inc. v. FTC*, 598 U.S. 175, 191 (2023) (emphasis in original). Like the Plaintiffs here, the Arizona plaintiff in *Axon* challenged the structure of the FTC administrative proceedings as violative of the Due Process Clause and Article II. Like the plaintiffs in *Axon*, the Plaintiffs "will lose their rights not to undergo the complained-of agency proceedings if they cannot assert those rights until the proceedings are over."  *Id*. at 192, 904. In fact, regardless of its technically being a jurisdictional case, it is striking how the Supreme Court described constitutional challenges in *Axon* such as those lodged by the Plaintiffs here in language that certainly sounds like the textbook definition of irreparable injury. Additionally, the Defendants' response completely ignores the Supreme Court's analogizing the injuries alleged in *Axon* to "established immunity doctrines" under which the Supreme Court has "identified certain rights 'not to stand trial' or face other legal processes" and "recognized that those rights are 'effectively lost' if review is deferred until after trial." *Id*. (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Indeed, under standard pre-*Axon* Fifth Circuit hornbook law, an injury is irreparable when it "'cannot be undone . . .' through monetary remedies." *See Spiegel v. City of Houston*, 636 F.2d 997, 1001 (5th Cir. 1981)(*citing Parker v. Dunlop*, 517 F.2d 785, 787 (5th Cir. 1975)); *see also Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012)(citations omitted)("It is . . . well-established that an injury is irreparable only 'if it cannot be undone through monetary remedies.'"); *Burgess v. FDIC*, 871 F.3d 297, 304 (5th Cir. 2017)(same). A paradigmatic

4

injury that cannot be undone through monetary remedies is for a plaintiff to go through a process before an illegitimate decisionmaker through which it should not have to go and before which it should never have to appear. Finally, this Court has recognized structural challenges of the sort Plaintiffs assert—if correct on the merits—mean they suffer irreparable injury if forced to endure the structural defect. *See Burgess v. FDIC*, 639 F. Supp. 3d 732, 749 (N.D. Tex. 2022)("[T]he irreparable injury requirement is automatically satisfied without the need to consider Plaintiff's particular showings" where a litigant is "entitled under the Seventh Amendment to a jury trial.").[9] Accordingly, based on the logic of *Axon*, and the multiple meritorious structural constitutional claims Plaintiffs have against the Defendants, this Court should find that Plaintiffs have demonstrated they will suffer irreparable injury absent a preliminary injunction.

### 2. *Multiple Texas Courts Have Held Based on Axon that Structural Constitutional Challenges Present Irreparable Injury if Not Enjoined.*

A string of post-*Axon* district court cases in Texas have read the Supreme Court's opinion just as Plaintiffs urge this Court to do here on the irreparable injury question. For example, this Court's Fort Worth Division colleague, Judge Mark Pittman, very recently rejected a federal agency's attempt to cabin *Axon* in a preliminary injunction context involving a challenge to dual layer protection for the agency's ALJs. Per Judge Pittman, the plaintiffs before him were "'being subjected to'" "'a proceeding by an unaccountable ALJ . . . .' And any remedy crafted after such a proceeding would be 'too late to be meaningful' as '[a] proceeding that has already happened cannot be undone.'" *Aunt Bertha v. NLRB*, No. 4:24-cv-00798-P, 2024 WL 4202383, at *3 (N.D. Tex. Sept. 16, 2024). That case also noted that "[m]ultiple courts have already found such an

---

[9] Relatedly, in the mandamus context, courts, including the Supreme Court, have recognized that immediate relief is often required to protect Seventh Amendment rights because there is no "other adequate means to attain the [desired] relief." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (citation omitted); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 472 (1962) (discussing "the responsibility of the Federal Courts of Appeals to grant mandamus where necessary to protect the constitutional right to trial by jury").

injury to be sufficient" on the irreparable injury element. *See id.*[10] Similarly, *Energy Transfer, LP v. NLRB* explicitly recognized that while *Axon* "examined injury for jurisdictional purposes and not in the injunction context," the plaintiffs before the court would suffer irreparable injury by subjection to "'a proceeding by an unaccountable ALJ'" because "an injury that 'cannot be undone" and "harm that 'cannot be undone' ***is by definition irreparable***." *Energy Transfer, LP v. NLRB*, No. 3:24-cv-198, 2024 WL 3571494, at *4 (S.D. Tex. July 29, 2024)(citing *Axon*, 598 U.S. at 191; *see also Seton v. NLRB*, NO. 1-24-CV-01176-ADA, 2024 WL 4678057, at *2 (W.D. Tex. Oct. 18, 2024)(citing *Axon*, 598 U.S. at 191)(acknowledging *Axon* was a jurisdictional case but citing it for irreparable harm because "[e]ven though [an] agency's order could be vacated after the proceeding, a 'separation-of-powers claim' challenging unconstitutional removal protections 'is not about that order' but about avoiding 'an illegitimate proceeding.'"); *see also Space Expl. Techs., Corp. v. Bell*, 701 F. Supp. 3d 626, 631 (S.D. Tex. 2023)(reaching similar conclusions).[11] These courts all recognize forcing a party to proceed before an illegitimate decisionmaker in an illegitimate proceeding presents the classic example of irreparable harm.

### 3. Defendants Make Erroneous Arguments Based on Inapposite or Unpersuasive Precedent or Suggest Improper Alternate Remedies.

---

[10] Judge Pittman cited to *Space Expl v. NLRB*, No. W-24-CV-00203-ADA, 2024 WL 3512082, at *6 (W.D. Tex. July 23, 2024); *Energy Transfer, LP v. NLRB*, No. 3:24-cv-198, 2024 WL 3571494, at *4 (S.D. Tex. July 2024); *Space Expl*, 701 F. Supp. 3d 626 (S.D. Tex. Nov. 8, 2023); *Alpine Sec. Corp. v. FINRA*, 2023 WL 4703307, at *3 (D.C. Cir. July 5, 2023) (Walker, J., concurring). He also referenced the Fifth Circuit's statement that when a removal claim is meritorious, a plaintiff should not be "forc[ed] to litigate before an ALJ who is unconstitutionally insulated from presidential control...." *Aunt Bertha*, 2024 WL 4202383, at *3 (citing *Cochran v. SEC*, 20 F.4th 194, 212–13 (5th Cir. 2021) (en banc), *aff'd and remanded sub nom*, Axon, 598 U.S. at 175).

[11] Judge Albright held and reasoned similarly as he did in *Seton* (again acknowledging *Axon* was technically a jurisdictional case) in another case over which he presided. *See Space Expl*, 2024 WL 3512082, at *6 (2024); *see also Alpine Securities Corp.*, 2023 WL 4703307, at *2 (Walker, J., concurring) (citing Axon, 598 U.S. at 191) ("If Alpine is likely to succeed on the merits, the other boxes are easily checked. Alpine would suffer an irreparable harm without an injunction because . . . the resolution of claims by an unconstitutionally structured adjudicator is a 'here-and-now injury' that cannot later be remedied."); *Walmart Inc. v. King*, CV 623-040, 2024 WL 1258223, at *4 (S.D. Ga. March 25, 2024)("Plaintiff is suffering an irreparable harm because it is being exposed to an unconstitutional adjudication. Defendants argued this was not an irreparable injury sufficient to establish emergency relief, but now that the harm has been confirmed, this argument is less persuasive.").

The Defendants' Opposition attempts to make much of an extra-circuit decision that disagrees with the foregoing cited authorities. However, that case, *Leachco v. CPSC* from the Tenth Circuit is problematic for the purpose of this Court's injunction analysis for multiple reasons. First, the court there made clear that it relied at least in part[12] upon **prior Tenth Circuit precedent**—for which the Defendants have cited no analog in the Fifth Circuit—in support of its conclusion that the constitutional challenges before that court could not establish irreparable harm. *See Leachco v. CPSC*, 103 F.4th 748, 750 (10th Cir. 2024). Specifically, precedent "establish[ing] that, while violations of certain individual constitutional rights, without more, can constitute irreparable harm, violations of the Constitution's separation of powers provisions do not." *Id.* at 753.

Second, the *Energy Transfer* court distinguished *Leachco* on the grounds that it did not "analyze[] or even acknowledges the harm alleged here—of simply being made to participate in an unconstitutional proceeding." *Energy Transfer*, L.P., 2024 WL 3571494, at *9, n. 4. Indeed, rather than follow the Tenth Circuit precedent that the Defendants ask this Court to adopt, the Southern District of Texas in *Energy Transfer* pointed to *Axon*, and one of the two cases it affirmed, *Cochran v. Securities & Exchange Commission*, 20 F.4th 194 (5th Cir. 2021), for the proposition that "the harm of being subject to a constitutionally defective adjudication, was 'sufficiently serious to justify pre-enforcement review in federal court.'"[13]

---

[12] The Tenth Circuit also relied on the Supreme Court's statement in a footnote in *Collins v. Yellen* that the "here-and-now" injury language in *Seila* Law "'not be misunderstood as a holding on a party's entitlement to relief based on an unconstitutional removal restriction,'" *Leachco*, 103 F.4th at 759. But that statement in *Collins* was in the context of the Court's explanation that *Seila Law's* "holding on standing does not mean that actions taken by [an unconstitutional] officer are void ab initio and must be undone." *Collins v. Yellen* 594 U.S. 220, 258 n.24 (2021). However, as Plaintiffs vigorously demonstrated in their response to the Defendants' Motion to Dismiss, *Axon* demonstrates the harm test in the earlier *Collins* case is not applicable to structural challenges such as those Plaintiffs have lodged here, which are not challenges to specific agency actions; rather, at the risk of repetition, they are challenges to the very idea of enduring an illegitimate proceeding before an illegitimate decisionmaker.

[13] *Id.* at 210 n. 16. Notably, *Energy Transfer* also cited *Consumers' Rsch. v. CPSC*, 91 F.4th 342, 349 (5th Cir. 2024) ("'[W]hen a removal provision violates the separation of powers,' the violation 'inflicts a "here-and-now" injury that can be remedied by a court.'" (quoting *Seila Law LLC v. CFPB*, 591 U.S. 197, 212 (2020).

7

Next, the Defendants' attempt to rely upon *Leachco* is also misplaced because the Asbury Plaintiffs' claim of irreparable harm *is* based on "more" than "violations of the Constitution's separation of powers provisions." 103 F.4th at 753. That harm includes violations of constitutional rights such as due process and the right to a jury trial, not to mention the injury to reputation that *Leachco* found the plaintiff had waived.[14] Finally, *Leachco* gets a critical substantive analytical point wrong. Specifically, the Tenth Circuit stated that for it to have held otherwise would have meant that "the Supreme Court's limited jurisdictional holding in *Axon* . . . would be converted into a broad ruling that creates an entitlement on the merits to a preliminary injunction in every case where such constitutional challenges are raised." *Leachco v. CPSC*, 103 F.4th at 759. But this ignores that parties like Plaintiffs challenging agency proceedings must also demonstrate a likelihood of success on the merits. For all the foregoing reasons then, this Court should not be swayed by the Defendants' citation to *Leachco*.

In addition to erroneously relying on *Leachco*, the Defendants also improperly suggest this Court should deny Plaintiffs injunctive relief because it can instead sever provisions that they object to as unconstitutional—specifically with regard to the removal protections for the FTC's ALJs. But multiple Texas courts have explained that severance is inappropriate as a response to a motion seeking preliminary injunctive relief. *See Energy Transfer L.P.*, 2024 WL 3571494, at *4 ("[S]such a 'remedy' would not provide La Grange any relief from the impending harm it is set to experience on October 29 because such a declaration would not take place until final judgment."); *ABM Industry Groups, LLC v. United States Depar't of Lab*, 2024 WL 4642962, at *6 (S.D. Tex.

---

[14] There is yet another irreparable harm Plaintiffs will suffer here absent an injunction—the costs associated with preparing for the FTC proceeding. *See Career Colleges and Schools of Texas v. United States Dept. of Educ.*, 98 F.4th 220, 236 (5th Cir. 2024)(citations omitted)("[I]t was error to discount . . . affidavits and continuing costs for purposes of establishing irreparable harm . . . . Alleged compliance costs need only be 'more than de minimis.'") To be sure, Plaintiffs would incur some costs of litigating in federal court if the FTC pursues its case in an Article III tribunal, but those costs would not be the same costs as the ones that have been and will be incurred to dispute the FTC's allegations in the FTC Proceeding. Thus, the latter set of costs are unrecoverable and represent irreparable harm.

8

Oct. 30, 2024) ("[T]here is no way for the court to sever the provisions before a final judgment . . . and [e]ven if [removal protections] are ultimately ruled to be unconstitutional and severed, Plaintiff's injury — being subject to the ALJ proceeding while the ALJ is improperly insulated — would have occurred . . . [and] [s]everability therefore cannot be substituted for a preliminary injunction . . . ."); *Space Expl*, 2024 WL 3512082, at *5 ("A statute must be found to be inoperative or unconstitutional as it was written before the issue of severance can be reached" at which point a court "would either need to sever a portion of the statute or grant a permanent injunction" but until that point is reached, "consideration of severance is premature."); *Aunt Bertha*, 2024 WL 4202383, at *5 ("While the Court is skeptical that severance is the proper remedy, even if it was, such a declaration would not take place until final judgment.")(citations omitted).  Accordingly, the Court should reject the Defendants' severance argument in the context of Plaintiffs' motion for preliminary injunction.[15]

### C. Caselaw Demonstrates Plaintiffs Have Proven the Remaining Injunction Elements.

As Judge Pittman has noted "[t]he third and fourth preliminary injunction factors—balance of harm and public interest—'merge when the Government is the opposing party.'" *See Aunt Bertha*, 2024 WL 4202383, at *3 (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)). And as he has well said in a case like this, "'it is always in the public interest to prevent the violation of a

---

[15] Notably, severance will also be improper on final judgment based (a) on the authorities cited and (b) for the reasons Plaintiffs articulated at length, in their response to the Defendants' Motion to Dismiss. In that regard, *see also Walmart Inc.*, 2024 WL 1258223, at *4 (citations omitted):

> "[T]he Court focuses on the Judiciary's confined role in the separation of powers . . . . The Court seeks a solution that 'manifests the Judiciary's respect for Congress's legislative role by keeping courts from unnecessarily disturbing a law . . . .' In line with this principle, the Court finds the best solution is a permanent injunction instead of severability. Rather than interfering with Congress's legislative role by trying to re-work the statutes in place, the Court finds on balance, an equitable remedy is more favorable. With this solution, the unconstitutional actions are stopped for Walmart, and Congress is left with the ability to remedy the problem as it pleases."

9

party's constitutional rights.'" *Id.* (citing *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 458 n.9 (5th Cir. 2014)). "Moreover, the government suffers no cognizable harm from stopping the perpetuation of an unlawful agency action" and "an injunction preventing an unlawful agency action does not disserve the public interest." *Aunt Bertha*, 2024 WL 4202383, at *3-4 (citing *BST Holdings, L.L.C. v. OSHA*, 17 F.4th 604, 618 (5th Cir. 2021)). "Nor is it in the public interest for an agency to infringe upon the constitutional imperative that "the judiciary remain[ ] truly distinct from ... the executive." *Aunt Bertha*, 2024 WL 4202383, at *3-4. (citing *Stern v. Marshall*, 564 U.S. 462, 483 (2011) (alteration in original) (quoting THE FEDERALIST No. 78, at 466 (Alexander Hamilton) (C. Rossiter ed. 1961)).

These same or similar considerations have animated the other district courts in Texas that have recently—and post-*Axon*—reviewed structural challenges to agency proceeding such as Plaintiffs lodge here in finding the final injunction elements were met in the cases before them. *See Energy Transfer L.P.*, 2024 WL 3571494, at*5; *Seton*, 2024 WL 4678057, at *2  (also noting that is not in the public interest "to have an increasingly expansive Executive Branch that 'slip[s] from the Executive's control, and thus from that of the people.'"(citing *Free Enter. Fund v. PCAOB*, 561 U.S. 477, 499, 130 S.Ct. 3138 (2010)); *Space Expl*, 2024 WL 3512082, at *7.[16]

### III.    CONCLUSION

For the foregoing reasons, the Court should reject the Defendants' opposition to Plaintiffs motion for preliminary injunction, and instead grant that motion.

---

[16] *See also Burgess*, 871 F.3d at 304 (in rejecting the FDIC's public interest arguments, noting that in addition to certain facts in the record, "the **constitutionality** of the structure of the fact-finding procedure on which the FDIC relies **lies at the heart of this motion**."); *Alpine Securities Corp*., 2023 WL 4703307, at *2 (Walker, J., concurring)(citations omitted)("The public interest favors preventing the deprivation of individual rights and abuses of government power" and while "[t]he public has an interest in timely enforcement against those who violate the law," "here the only evidence that Alpine has violated the law is FINRA's say so.").

Dated: December 10, 2024                                    Respectfully submitted,

                                                            FOLEY & LARDNER LLP

Todd A. Murray                                              By: /s/ Edward D. Burbach
(Texas State Bar No. 00794350)
2021 McKinney Avenue, Suite 1600                            Edward D. Burbach*
Dallas, Texas 75201                                         (Texas State Bar No. 03355250)
Tel: 214.999.3000                                           John Sepehri
Fax: 214.999.4667                                           (Texas State Bar No. 00797408)
Email: tmurray@foley.com                                    Robert F. Johnson III
                                                            (Texas State Bar No. 10786400)
Michael J. Lockerby                                         Brandon M. Livengood
(*Pro hac vice*)                                            (Texas State Bar No. 24128022)
Megan Chester                                               600 Congress Avenue, Suite 2900
(*Pro hac vice*)                                            Austin, Texas 78701
Washington Harbour                                          Tel: 512.542.7000
3000 K Street N.W., Suite 600                               Fax: 512.542.7100
Washington, D.C. 20007                                      Email: eburbach@foley.com
Tel.: 202.672.5300                                          Email: jsepehri@foley.com
Fax: 202.672.5399                                           Email: rjohnson@foley.com
Email: mlockerby@foley.com                                  Email: brandon.livengood@foley.com
Email: mxchester@foley.com

                                                            _____
                                                            *Attorney in charge

*Counsel for the Plaintiffs*