**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FT. WORTH DIVISION**

ASBURY AUTOMOTIVE GROUP, INC., *et al.*,

*Plaintiffs*,

v.

THE FEDERAL TRADE COMMISSION, *et al.*,

*Defendants*.

No. 4:24-cv-00950-O

**Defendants' Reply in Support of Their Motion to Dismiss**

OF COUNSEL:

MATTHEW M. HOFFMAN
Attorney
Office of the General Counsel
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, DC 20580

JAMIE D. BROOKS
JAMES DOTY
Attorneys
Division of Financial Practices
Bureau of Consumer Protection
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, DC 20580

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BURDEN H. WALKER
Deputy Assistant Attorney General

AMANDA N. LISKAMM
Director

LISA K. HSIAO
Senior Deputy Director, Civil Litigation

HILARY K. PERKINS
Assistant Director

ISAAC C. BELFER (D.C. Bar No. 1014909)
ZACHARY L. COWAN (N.C. Bar No. 53432)
Trial Attorneys
Consumer Protection Branch
Civil Division
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044-0386
(202) 305-7134 (Belfer)
(202) 353-7728 (Cowan)
(202) 514-8742 (fax)
Isaac.C.Belfer@usdoj.gov
Zachary.L.Cowan@usdoj.gov

# TABLE OF CONTENTS

INTRODUCTION .......... 1

ARGUMENT .......... 1

I. Count I Fails Because the FTC Proceeding Is Consistent with Article III .......... 1

II. Count II Fails Because Asbury Is Not Entitled to a Jury Trial .......... 4

III. Count III Fails to State a Claim Because Asbury Has Not Shown a Deprivation of Due Process, and the Court Lacks Jurisdiction over the As-Applied Due Process Challenge .......... 6

IV. Counts IV and V Fail to State a Claim Under Article II Based on Removal Protections .......... 8

CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Cases**

*Akin v. OTS-DOT*,
950 F.2d 1180 (5th Cir. 1992) .......... 4

*Am. Washboard Co. v. Saginaw Mfg. Co.*,
103 F. 281 (6th Cir. 1900) .......... 3, 4

*Atlas Roofing Co. v. Occupational Safety & Health Rev. Comm'n*,
430 U.S. 442 (1977) .......... 3

*Axon Enterprise, Inc. v. FTC*,
598 U.S. 175 (2023) .......... 1, 6, 8

*Bank of La. v. FDIC*,
919 F.3d 916 (5th Cir. 2019) .......... 6, 7

*Burgess v. FDIC*,
639 F. Supp. 3d 732 (N.D. Tex. 2022) .......... 9

*Cochran v. SEC*,
20 F.4th 194 (5th Cir. 2021) .......... 8

*Collins v. Yellen*,
594 U.S. 220 (2021) .......... 1

*Community Financial Services Association of America v. CFPB*,
51 F.4th 616 (5th Cir. 2022) .......... 9

*Crowell v. Benson*,
285 U.S. 22 (1932) .......... 2, 3

*Ely-Norris Safe Co. v. Mosler Safe Co.*,
7 F.2d 603 (2d Cir. 1925) .......... 4

*Free Enterprise Fund v. PCAOB*,
561 U.S. 477 (2010) .......... 10

*FTC v. Sterling Drug, Inc.*,
317 F.2d 669 (2d Cir. 1963) .......... 3

*FTC v. U.S. Anesthesia Partners, Inc.*,
No. 24-20270, 2024 WL 5003580 (5th Cir. Aug. 15, 2024) .......... 8

*Holloway v. Bristol-Myers Corp.*,
485 F.2d 986 (D.C. Cir. 1973) .......... 3

*Humphrey's Executor v. United States*,
295 U.S. 602 (1935) .......... 1, 10

*Illumina, Inc. v. FTC*,
88 F.4th 1036 (5th Cir. 2023) .......... 10

*In re Abbott*,
117 F.4th 729 (5th Cir. 2024) .......... 4, 5

*In re Bonvillian Marine Serv., Inc.*,
19 F.4th 787 (5th Cir. 2021) ........................................................................................ 9

*Jarkesy v. SEC*,
34 F.4th 446 (5th Cir. 2022) .................................................................................. 1, 10

*Jourdan v. Equitable Equip. Co.*,
889 F.2d 637 (5th Cir. 1989) ........................................................................................ 7

*Kerwin v. Trinity Health Grand Haven Hosp.*,
No. 1:24-CV-445, 2024 WL 4594709 (W.D. Mich. Oct. 25, 2024) ......................................... 9

*Leachco, Inc. v. CPSC*,
103 F.4th 748 (10th Cir. 2024) ...................................................................................... 9

*Lefebure v. D'Aquilla*,
15 F.4th 650 (5th Cir. 2021) ........................................................................................ 8

*Mann v. United States*,
No. 3:21-CV-01326, 2022 WL 789698 (N.D. Tex. Feb. 24, 2022) .......................................... 9

*Marine Shale Processors, Inc. v. EPA*,
81 F.3d 1371 (5th Cir. 1996) .................................................................................... 5, 6

*Mathews v. Eldridge*,
424 U.S. 319 (1976)................................................................................................. 7, 8

*McClelland v. Katy Indep. Sch. Dist.*,
63 F.4th 996 (5th Cir. 2023) ........................................................................................ 6

*Meta Platforms, Inc. v. FTC*,
723 F. Supp. 3d 64 (D.D.C. 2024)................................................................................... 2

*OJSC Uknafta v. Carpatsky Petroleum Corp.*,
957 F.3d 487 (5th Cir. 2020) ........................................................................................ 7

*Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*,
490 U.S. 477 (1989).................................................................................................... 2

*SEC v. Jarkesy*,
144 S. Ct. 2117 (2024)........................................................................................ 2, 3, 5

*Seila Law LLC v. CFPB*,,
591 U.S. 197 (2020).................................................................................................... 9

*Thomas v. Union Carbide Agr. Prods. Co.*,
473 U.S. 568 (1985).................................................................................................... 2

*Thunder Basin Coal Co. v. Reich*,
510 U.S. 200 (1994).................................................................................................... 6

*Tull v. United States*,
481 U.S. 412 (1987).................................................................................................... 5

*United States v. Arthrex, Inc.*,
594 U.S. 1 (2021)..................................................................................................... 10

*United States v. Potts*,
No. 3:23-CR-133, 2024 WL 1160306 (N.D. Miss. Mar. 18, 2024) .......... 9

*YAPP USA Auto. Sys., Inc. v. NLRB*,
No. 24-1754, 2024 WL 4489598 (6th Cir. Oct. 13, 2024) .......... 9

**Statutes**

5 U.S.C. § 557(b) .......... 10
15 U.S.C. § 45(c) .......... 8

**Rules**

Fed. R. Civ. P. 26(b)(4)(D) .......... 7

**Regulations**

16 C.F.R. §
3.31A .......... 7
3.41–3.46 .......... 8
3.41(c) .......... 8
3.51 .......... 10
3.51–3.54 .......... 8

## INTRODUCTION

Plaintiffs (collectively, "Asbury") fail to overcome Defendants' showing that the Federal Trade Commission ("FTC") adjudication at issue is constitutional. *First,* Asbury's Article III argument that the FTC cannot adjudicate cases involving private property is contrary to a century of Supreme Court precedent and FTC adjudications. *Second*, Asbury is not entitled to a jury trial because the Seventh Amendment does not apply to suits seeking only injunctive relief, and Asbury does not contest that an FTC cease-and-desist order is akin to an injunction. *Third*, Asbury has abandoned its due process claim based on the FTC's exercise of both prosecutorial and adjudicative functions. The Court lacks jurisdiction over Asbury's as-applied due process claim, and even on the merits, Asbury has not shown that the FTC proceeding deprives it of notice and an opportunity to be heard. *Finally*, Asbury is not entitled to relief on its removal protection claims because it has not shown the harm required by *Collins v. Yellen*, 594 U.S. 220 (2021), which *Axon Enterprise, Inc. v. FTC*, 598 U.S. 175 (2023), did not overturn. Also, *Jarkesy v. SEC*, 34 F.4th 446 (5th Cir. 2022), *aff'd and remanded*, 144 S. Ct. 2117 (2024), does not show that FTC administrative law judges' ("ALJ") removal protection violates Article II, and *Humphrey's Executor v. United States*, 295 U.S. 602 (1935), forecloses Asbury's challenge to FTC Commissioners' removal protection.

## ARGUMENT

### I. Count I Fails Because the FTC Proceeding Is Consistent with Article III

Defendants' opening brief explained that the FTC is adjudicating public rights in its administrative proceeding, consistent with Article III. ECF No. 25 ("Mot.") at 13–16.[1] Asbury's Opposition demonstrates three additional reasons why its Article III claim should be dismissed.

---

[1] Unless otherwise indicated, emphases in quotations are added, and internal citations, quotation marks, and alteration marks from quotations are omitted.

***First***, Asbury concedes that in *Crowell v. Benson*, the Supreme Court identified the FTC as an agency "created for the determination" of public rights. 285 U.S. 22, 51 & n.13 (1932). *Crowell* forecloses Asbury's claim, and Asbury's attempts to evade it fail. For example, Asbury asserts that *Crowell* only contemplated FTC adjudications of the Clayton Act, not the FTC Act. *Crowell* nowhere makes this distinction. Asbury also argues that some of *Crowell*'s reasoning was "rejected" in *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024). ECF No. 28 ("Opp.") at 8. But *Jarkesy* cited *Crowell* without overruling it. *See* 144 S. Ct. at 2133. Even if Asbury thinks *Crowell* "rest[s] on reasons rejected in some other line of decisions," only the Supreme Court may "overrul[e] its own decisions." *Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477, 484 (1989).

***Second***, Count I alleges that the FTC proceeding violates Article III because it "imping[ed] on [Asbury's] private rights to property," ECF No. 1 ("Compl.") ¶ 63, but as Asbury concedes, Opp. at 9, the Supreme Court has held that "[m]any matters that involve the application of legal standards to facts and affect private interests are routinely decided by agency action with limited or no review by Article III courts," *Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 583 (1985). Asbury attempts to distinguish this caselaw by claiming that the FTC proceeding not only may "affect" its private interests, but also may "directly adjudicate" them by enjoining Asbury from engaging in unlawful transactions. Opp. at 9. This semantic distinction is misleading and legally irrelevant. Indeed, after observing in *Union Carbide* that agencies routinely decide matters affecting private interests, the Court invoked authorities stating that "agencies can conclusively *adjudicate* claims . . . by and against private persons." 473 U.S. at 583. The Supreme Court has repeatedly upheld agency adjudication of property interests. *See* Mot. at 15 n.15 (collecting cases); *Meta Platforms, Inc. v. FTC*, 723 F. Supp. 3d 64, 93 n.7 (D.D.C. 2024) (rejecting similar claim).

Seeking to evade precedent, Asbury miscasts *Jarkesy* as a watershed decision that rewrites unfavorable caselaw. Opp. at 2–4. Asbury claims that, "post-*Jarkesy*," the "public rights exception is extremely narrow" and does not permit agency adjudication of private property. *Id.* at 10. *Jarkesy* nowhere disturbs the public rights doctrine outside the narrow context of "civil penalty suits for fraud." 144 S. Ct. at 2136–37. In fact, *Jarkesy* cited cases finding agency adjudication of private property to be consistent with Article III. *See, e.g., id.* at 2133, 2136–39 (citing *Atlas Roofing Co. v. Occupational Safety & Health Rev. Comm'n*, 430 U.S. 442 (1977); *Crowell*, 285 U.S. at 51–53).

***Third***, while Asbury now claims that the FTC proceeding violates Article III by intruding into "traditional common law or equitable claim[s]," *see* Opp. at 4–7, it failed to assert this theory in Count I, *see* Compl. ¶¶ 8, 42–44, 60–64. Regardless, this assertion fails. Asbury claims that Congress drew on common-law fraud when enacting the FTC Act, *see* Opp. at 7, but that is wrong. As explained, *see* Mot. at 13–16, Congress deliberately departed from the common law when enacting the FTC Act and the Equal Credit Opportunity Act ("ECOA"). The common law is moored in principles like caveat emptor and freedom of contract, which "traditionally defined rights and responsibilities." *FTC v. Sterling Drug, Inc.*, 317 F.2d 669, 674 (2d Cir. 1963). By contrast, the FTC Act and ECOA established new norms rooted in honesty and non-discrimination. Moreover, Congress created the FTC as an "expert" to protect the "public welfare." *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 997, 999–1000 (D.C. Cir. 1973). Claims under the FTC Act and ECOA are not just "broader" than those for common-law fraud and deceit. *See* Opp. at 7. They serve wholly different purposes: vindicating Congress's new norms to protect the public.

The FTC proceeding also differs from traditional claims at equity. "Courts of equity, in granting relief by injunction[, were] concerned with the property rights of [a particular] complainant." *Am. Washboard Co. v. Saginaw Mfg. Co.*, 103 F. 281, 285 (6th Cir. 1900). No

complainant had "authority" to "invoke the equitable jurisdiction of the courts to suppress the trade and business of all persons whose goods may deceive the public." *Id.* at 286.[2] Congress's decision to use agency proceedings to halt deceptive and discriminatory conduct affecting the public at large thus differs from traditional equitable claims. *See Akin v. OTS-DOT*, 950 F.2d 1180, 1184 (5th Cir. 1992) (similarly recognizing that agency cease-and-desist authority to address "unsound banking practices" was "broader" than equitable remedies available in "traditional contract law").

## II. Count II Fails Because Asbury Is Not Entitled to a Jury Trial

Defendants' opening brief also demonstrated why Asbury has no right to a jury trial in the FTC proceeding. Mot. at 6–12. In at least three ways, Asbury's Opposition fails to overcome clear precedent showing the Seventh Amendment affords it no jury right.

***First***, it is "settled law that the Seventh Amendment does not apply to suits seeking *only* injunctive relief." *In re Abbott*, 117 F.4th 729, 739 (5th Cir. 2024). The only relief contemplated within the FTC proceeding is a cease-and-desist order. ECF No. 9, App.20–21.[3] An FTC order is akin to an equitable injunction, *see* Mot. at 6–7, so Asbury does not have a jury right. Asbury does not dispute that an FTC order is akin to an injunction. Rather, it claims that *Jarkesy* implicitly overruled settled law. *See* Opp. at 11. *Jarkesy*, however, did not involve a proceeding where an agency sought only injunctive relief. Instead, the SEC also sought civil penalties, and this was

[2] *Accord Ely-Norris Safe Co. v. Mosler Safe Co.*, 7 F.2d 603, 604 (2d Cir. 1925) (contrasting FTC Act claims with the common law and finding no legal or equitable remedy that allows competitors "to sue as a vicarious avenger of [their] customers"), *rev'd on other grounds*, 273 U.S. 132 (1927).

[3] Asbury claims Defendants "misrepresent[]" the relief sought, Opp. at 2, quoting a statement in the administrative complaint that the FTC may impose "any other appropriate relief," App.21. This statement followed more-specific prohibitions contemplated as part of a cease-and-desist order. It does not suggest that the FTC is considering some other form of relief. Asbury cannot misconstrue "standard prayer for relief" language to seize a jury right. *In re Abbott*, 117 F.4th at 738.

critical to the Court's analysis. *See* 144 S. Ct. at 2127. After *Jarkesy*, the Fifth Circuit reaffirmed there is no jury right in cases involving "only" injunctive relief. *In re Abbott*, 117 F.4th at 739.

***Second***, even applying the two *Jarkesy* factors—the cause of action and remedy sought—it is clear that Asbury has no jury right. 144 S. Ct. at 2129. *Jarkesy* emphasized that "the remedy is the most important" factor. *Id.* Asbury does not contest that an FTC order is akin to equitable relief. *See* Opp. at 11–14. Instead, Asbury focuses on the less important factor, claiming the FTC proceeding is similar enough to "fraud claims at common law." Opp. at 12.[4] As Defendants explained, *see* Mot. at 9–12; *supra* p. 3, the FTC's action is unlike any common-law claim for which there is a jury trial right. Even applying the two *Jarkesy* factors, Asbury's claim fails.

***Third***, although Asbury speculates that there may someday be a "*subsequent* FTC suit" for civil penalties, *see* Opp. at 12–14, the fact remains that the FTC is *not* seeking penalties in its *current* proceeding and it has no ability to do so, *see* App.20–21. The law is clear: to decide whether there is a jury right, courts "examine the remedy *sought*" in the *current* proceeding. *Tull v. United States*, 481 U.S. 412, 417 (1987). As such, a litigant suffers "no arguable" Seventh Amendment injury "*unless and until* [it] is prevented from litigating its defenses . . . to a jury." *Marine Shale Processors, Inc. v. EPA*, 81 F.3d 1371, 1378 (5th Cir. 1996). Contrary to Asbury's assertions, Opp. at 13–14, *Jarkesy* did not address, let alone purport to overrule, this settled law. While Asbury speculates that "facts" in the FTC proceeding may someday be relevant to a future civil penalty suit in district court, Opp. at 13, this is not the time to raise that challenge.[5] Rather, Asbury may

---

[4] To the extent Asbury claims it has a jury right because the FTC proceeding is "akin" to "fraud claims . . . in *equity*," Opp. at 12, it is well-established that the Seventh Amendment affords no jury right for equitable causes of action, *see Jarkesy*, 144 S. Ct. at 2128; *cf.* Opp. at 3 (similar).

[5] Asbury also fails to explain what those common "facts" might be. As Defendants explained in their opening brief, Mot. at 9, the relevant "facts" in a future civil penalty proceeding are different from those at issue in the FTC's current proceeding, *Marine Shale Processors*, 81 F.3d at 1377.

allege a Seventh Amendment injury "when and if" it is deprived of a jury. *Marine Shale Processors*, 81 F.3d at 1377. It cannot rely on a speculative Seventh Amendment injury now.

### III. Count III Fails to State a Claim Because Asbury Has Not Shown a Deprivation of Due Process, and the Court Lacks Jurisdiction over the As-Applied Due Process Challenge

The Complaint asserts a deprivation of due process based on two grounds: (1) the FTC's exercise of both prosecutorial and adjudicative functions, and (2) the rules and orders in the administrative proceeding. Compl. ¶¶ 10, 49–51, 69–72. As to the first ground, Defendants demonstrated in their opening brief that this due process claim is foreclosed by precedent. Mot. at 16–17. Asbury "fail[s] to defend" this claim in its Opposition and thus has "abandon[ed]" it. *McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir. 2023).

As to the second ground, Defendants showed that the Court lacks jurisdiction because as-applied due process challenges should be reviewed through the normal judicial review process in the FTC Act: review of final FTC orders in the courts of appeals. Mot. at 17. While Asbury purports to assert a structural challenge, Opp. at 17, its claim is precisely "the sort[] of procedural or evidentiary matter[] an agency often resolves on its way to a merits decision," which *Axon* distinguished from structural challenges to an agency's "power generally." 598 U.S. at 193.

*Axon* applied the three factors in *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994), for when a district court may exercise jurisdiction despite a statute providing for review of final agency orders in the court of appeals. *Axon*, 598 U.S. at 185–86. Those factors confirm that this Court lacks jurisdiction over Asbury's claim. First, the statutory scheme here provides "meaningful judicial review by authorizing" a "circuit court" to review challenges to a final FTC order. *Bank of La. v. FDIC*, 919 F.3d 916, 925 (5th Cir. 2019). Second, Asbury's as-applied due process claim is not "wholly collateral" to the FTC enforcement scheme, but instead "arise[s] directly from alleged irregularities in the agency enforcement proceedings" and is thus "inextricably intertwined

with the conduct of" those proceedings. *Id.* at 928. Third, Asbury's claim does "not fall outside the agency's expertise": the FTC's expertise in the statutes it administers may "shed light" on Asbury's claim, and the FTC may "moot[]" the claim if it ultimately finds in Asbury's favor. *Id.* at 929–30.

Even if the Court had jurisdiction, Count III should be dismissed for failure to state a claim. Asbury rehashes its gripes about discovery in the FTC proceeding, Opp. at 14–17, but fails to rebut that it has notice and a meaningful opportunity to be heard, which is all that due process requires. *Mathews v. Eldridge*, 424 U.S. 319, 333, 348–49 (1976); Mot. at 17–20. For example, the FTC's complaint provided ample notice of its allegations. App.8–21.[6] Asbury's claim that it has "been unable to discover the factual basis for the FTCs lawsuit"—in particular, a consumer survey and other analysis performed in anticipation of litigation, Opp. at 15—is premature because discovery has not yet closed in the FTC proceeding. Asbury's claim is also meritless: both the FTC Rules and the Federal Rules of Civil Procedure properly protect non-testifying consulting expert material from disclosure. *See* 16 C.F.R. § 3.31A; Fed. R. Civ. P. 26(b)(4)(D); Mot. at 20 n.23. Moreover, Asbury's discovery opportunities in the FTC proceeding are comparable to those under the Federal Rules, Mot. at 3; *contra* Opp. at 14–17, which is more than due process requires. *See OJSC Ukrnafta v. Carpatsky Petroleum Corp.*, 957 F.3d 487, 499–500 (5th Cir. 2020); *Mathews*, 424 U.S. at 348.[7] Further, there is nothing improper about Complaint Counsel and the Commission

---

[6] Asbury criticizes the redactions to the administrative complaint, Opp. at 15 n.40, but FTC made those redactions at *Asbury's request*. And the ALJ has since ordered many of those redactions to be removed, despite Asbury's request to keep the redactions.

[7] Asbury alleges it has only 14 days to retain experts and prepare reports, Opp. at 16 n.44, but it surely can begin this process before receiving Complaint Counsel's expert reports. Asbury also argues "the FTC reserves veto powers" over discovery orders against it, Opp. at 16, but has not shown that these powers were used here. Asbury has not shown "substantial prejudice" from any feature of the FTC proceeding. *Jourdan v. Equitable Equip. Co.*, 889 F.2d 637, 640 (5th Cir. 1989).

having distinct roles in the FTC proceeding.[8] *Contra* Opp. at 16–17.

Following discovery, Asbury will have a meaningful opportunity to be heard before the ALJ, *see, e.g.*, 16 C.F.R. § 3.41(c), and the ALJ's recommended decision will be reviewed by the Commission, whose decision may be appealed to the court of appeals. *Mathews*, 424 U.S. at 333; *see* 15 U.S.C. § 45(c); 16 C.F.R. §§ 3.41–3.46, 3.51–3.54; App.22–33. Thus, even if the Court had jurisdiction over this claim, Count III should be dismissed for failure to state a claim for relief.

## IV. Counts IV and V Fail to State a Claim Under Article II Based on Removal Protections

Asbury fails to overcome Defendants' showing that it has not shown the requisite harm from the removal protections, and that these removal protections are constitutional. Mot. at 20–24.

***Asbury Is Not Entitled to Relief Enjoining the FTC Proceeding.*** *Collins* requires that, to obtain relief, plaintiffs must show that a removal protection caused compensable harm. Mot. at 20–21. Asbury argues that *Axon* excuses it from such a showing, Opp. at 18–22, but *Axon* did not overrule *Collins*, and only "the Supreme Court itself" can "overturn a Supreme Court precedent." *Lefebure v. D'Aquilla*, 15 F.4th 650, 660 (5th Cir. 2021). Although *Axon* held that being subjected to a proceeding "led by an illegitimate decisionmaker" can impose "a here-and-now injury" for purposes of jurisdiction, 598 U.S. at 191, it did not address whether this injury allows a plaintiff to obtain relief.[9] Thus, *Collins*' requirement to show harm from removal protections—not merely

---

[8] Specifically, Complaint Counsel prosecutes the matter, including issuing and responding to discovery requests, Opp. at 16–17, and the Commission adjudicates, with a wall between the staff involved in each function. *See* Mot. at 3. The FTC's exercise of both prosecutorial and adjudicative functions is constitutional, *see* Mot. at 16–17, which Asbury no longer contests, *see supra* p. 6.

[9] *See FTC v. U.S. Anesthesia Partners, Inc.*, No. 24-20270, 2024 WL 5003580, at *3 (5th Cir. Aug. 15, 2024). *Cochran v. SEC* is inapposite for the same reason. 20 F.4th 194, 197–98, 211 (5th Cir. 2021) (en banc), *aff'd and remanded sub nom. Axon*, 598 U.S. 175; *see* Opp. at 19–21.

being subjected to a proceeding where such protections exist—remains binding.[10]

As this Court has explained, *Community Financial Services Association of America v. CFPB*, 51 F.4th 616 (5th Cir. 2022),[11] "distilled from *Collins* three requisites for proving a . . . removal provision caused harm," including when the plaintiff seeks prospective relief. *Burgess v. FDIC*, 639 F. Supp. 3d 732, 746 (N.D. Tex. 2022) (O'Connor, J.); Mot. at 21. Even if a district court thought those requirements were abrogated by *Axon* (they were not), they would still be binding because only the Fifth Circuit has "authority to determine whether [its precedent] has been overturned by an intervening change in the law," yet the Fifth Circuit has not overturned the requirements. *United States v. Potts*, No. 3:23-CR-133, 2024 WL 1160306, at *4 (N.D. Miss. Mar. 18, 2024); *see In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 789 (5th Cir. 2021).[12]

Defendants showed that the Complaint fails to allege the harm required by *Collins*, as interpreted by the Fifth Circuit. Mot. at 21. Asbury's Opposition does not even attempt to show otherwise and thus "tacitly conced[es]" this failure. *Mann v. United States*, No. 3:21-CV-01326, 2022 WL 789698, at *3 (N.D. Tex. Feb. 24, 2022).[13] Asbury thus fails to state a claim.[14]

---

[10] Notably, before *Axon* and *Collins*, *Seila Law LLC v. CFPB* found a "here-and-now" injury from being subjected to a proceeding led by an illegitimate decisionmaker. 591 U.S. 197, 212 (2020).

[11] *Rev'd and remanded on other grounds*, 601 U.S. 416 (2024), and *reinstated in part by* 104 F.4th 930 (5th Cir. 2024).

[12] The cases Asbury cites to circumvent *Collins*' harm standard, Opp at 18–19, fail to acknowledge the requirements in *Community Financial Services Association of America*. Several courts have recognized that *Axon* does not excuse plaintiffs from showing harm under *Collins*. *E.g.*, *Leachco, Inc. v. CPSC*, 103 F.4th 748, 758–59, 765 (10th Cir. 2024); *YAPP USA Auto. Sys., Inc. v. NLRB*, No. 24-1754, 2024 WL 4489598, at *3 (6th Cir. Oct. 13, 2024); *Kerwin v. Trinity Health Grand Haven Hosp.*, No. 1:24-CV-445, 2024 WL 4594709, at *4–5 (W.D. Mich. Oct. 25, 2024).

[13] *Report and recommendation adopted*, 2022 WL 785316 (N.D. Tex. Mar. 15, 2022).

[14] Defendants explained that, even if Asbury showed the removal protections are unconstitutional and showed the requisite harm, it would not be entitled to an order enjoining the FTC proceeding because the removal protections would be severable. Mot. at 22. Asbury argues that determining how to sever those protections could be hard, Opp. at 22–23, but that is no reason to deny

***Asbury Has Not Shown that the ALJ's Removal Protection Violates Article II.*** Defendants demonstrated that *Jarkesy*, which invalidated SEC ALJs' removal protection, 34 F.4th at 463, does not render FTC ALJs' removal protection unconstitutional. Mot. at 22–23. Whereas SEC ALJs' decisions are often "final and binding," *Jarkesy*, 34 F.4th at 464, FTC ALJs' decisions are only recommendations and are automatically reviewed by the Commission, 5 U.S.C. § 557(b); 16 C.F.R. § 3.51. Asbury tries to downplay this distinction. Opp. at 23–25. But the often-binding nature of SEC ALJs' decisions was significant to *Jarkesy*'s analysis. 34 F.4th at 464. And when the Supreme Court in *Free Enterprise Fund v. PCAOB* declined to hold that ALJs could not have multiple levels of removal protection, it noted that many ALJs "possess purely recommendatory powers." 561 U.S. 477, 507 n.10 (2010).[15] Thus, Asbury's ALJ removal protection claim fails.

***Asbury Has Not Shown that the Commissioners' Removal Protection Violates Article II.*** *Humphrey's Executor* rejected the challenge to the Commissioners' removal protection that Asbury now asserts. 295 U.S. at 631–32. Asbury asks this Court to reexamine *Humphrey's Executor* based on the FTC's current powers. Opp. at 25. But "the question of whether the FTC's authority has changed so fundamentally as to render *Humphrey's Executor* no longer binding is for the Supreme Court, not [lower courts], to answer." *Illumina, Inc. v. FTC*, 88 F.4th 1036, 1047 (5th Cir. 2023).

## CONCLUSION

For the reasons stated above and in Defendants' opening brief, the Court should dismiss the Complaint for lack of subject-matter jurisdiction and failure to state a claim for relief.

---

appropriate relief, and in any event, the Court need not determine the precise form of relief now. Asbury also does not deny that the Supreme Court has consistently remedied improper removal protections by severing them, Mot. at 22 n.26, which the Court should do here if it finds some relief is warranted.

[15] *See United States v. Arthrex, Inc.*, 594 U.S. 1, 23–27 (2021) (plurality op.) (finding Administrative Patent Judges with for-cause removal protection would be sufficiently accountable under Article II if their decisions were reviewable by the agency head); Mot. at 23 n.29.

December 24, 2024

Respectfully submitted,

*/s/ Isaac C. Belfer*
ISAAC C. BELFER (D.C. Bar No. 1014909)
ZACHARY L. COWAN (N.C. Bar No. 53432)
Trial Attorneys
Consumer Protection Branch
Civil Division
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044-0386
(202) 305-7134 (Belfer)
(202) 353-7728 (Cowan)
(202) 514-8742 (fax)
Isaac.C.Belfer@usdoj.gov
Zachary.L.Cowan@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the CM/ECF system, will be sent via electronic mail to the registered participants as identified on the Notice of Electronic Filing.

December 24, 2024

*/s/ Isaac C. Belfer*
ISAAC C. BELFER