IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | |
|---|---|
| ASBURY AUTOMOTIVE GROUP, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> THE FEDERAL TRADE COMMISSION, *et al.*, <br><br> *Defendants*. | No. 4:24-cv-00950-O |

**Defendants' Response to Plaintiffs' Supplemental Materials**

On February 24, 2025, Plaintiffs (collectively, "Asbury") filed supplemental materials regarding "Changes of Position of United States Department of Justice on Unconstitutionality of Removal Protections for Executive Branch Officers." ECF No. 31. Asbury's filing violates Local Rule 56.7 because Asbury did not request or receive permission from the Court to file its supplemental materials.[1] Asbury also did not inform Defendants that it would file supplemental materials, or confer with Defendants regarding whether Defendants would oppose a motion for leave to file such supplemental materials. *See* LR 7.1(a).[2]

Notwithstanding these procedural deficiencies, Defendants respectfully inform the Court about the following changes to their positions in this matter: The Department of Justice has decided

---

[1] *See* LR 56.7 ("Except for the motions, responses, replies, briefs, and appendixes required by these rules, a party may not, without the permission of the presiding judge, file supplemental pleadings, briefs, authorities, or evidence."); *Ybarra v. Dish Network LLC*, No. 4:13-CV-963-O, 2014 WL 6085292, at *5 (N.D. Tex. Nov. 14, 2014) (O'Connor, J.) (striking the plaintiff's notice of supplemental authority that was filed without leave of Court), *rev'd in part on other grounds*, 807 F.3d 635 (5th Cir. 2015).

[2] Instead, Asbury simply asked Defendants whether they would change their position on Asbury's preliminary injunction motion—a request that Defendants were still considering when Asbury filed its supplemental materials.

that the multiple layers of removal restrictions for administrative law judges are unconstitutional and that the Department will no longer defend them in litigation. Accordingly, the Department will not continue to defend the multiple layers of removal restrictions for administrative law judges in this action. *See* ECF No. 23 ("PI Opp.") at 19, 21–22; ECF No. 25 ("MTD") at 20, 22–23; ECF No. 30 ("MTD Reply") at 10. The Department has also decided that the for-cause removal protections for the Commissioners of the Federal Trade Commission in 15 U.S.C. § 41 are unconstitutional and that the Department will no longer defend them in litigation. Accordingly, the Department will not continue to defend those protections in this action. *See* PI Opp. at 19, 23; MTD at 20, 24; MTD Reply at 10.

Nonetheless, Defendants have not "effectively abandoned their opposition to Plaintiffs' requested injunctive relief on their Article II claims." ECF No. 31 at 2. Defendants maintain that this Court should deny Asbury's preliminary injunction motion and dismiss the Complaint. Defendants continue to argue that Asbury is not entitled to relief because it has not shown the required harm from the removal protections. *See* PI Opp. at 19–20; MTD at 20–21; MTD Reply at 8–9. Defendants also continue to argue that, even if Asbury ultimately showed that the removal protections were unconstitutional and showed the requisite harm, those removal protections could be severed and Asbury would not be entitled to a permanent injunction enjoining the FTC proceeding; thus, Asbury also is not entitled to a preliminary injunction enjoining that proceeding. *See* PI Opp. at 21; MTD at 22; MTD Reply at 9 n.14. Finally, Defendants continue to argue that Asbury has not shown irreparable harm or that the balance of equities and public interest favor a preliminary injunction. *See* PI Opp. at 23–25.

| | |
|---|---|
| February 28, 2025 | Respectfully submitted, |
| OF COUNSEL: | YAAKOV M. ROTH<br>Acting Assistant Attorney General<br>Civil Division |
| MATTHEW M. HOFFMAN<br>Attorney<br>Office of the General Counsel<br>Federal Trade Commission<br>600 Pennsylvania Ave., N.W.<br>Washington, DC 20580 | AMANDA N. LISKAMM<br>Director<br><br>LISA K. HSIAO<br>Senior Deputy Director, Civil Litigation |
| JAMIE D. BROOKS<br>JAMES DOTY<br>Attorneys<br>Division of Financial Practices<br>Bureau of Consumer Protection<br>Federal Trade Commission<br>600 Pennsylvania Ave., N.W.<br>Washington, DC 20580 | HILARY K. PERKINS<br>Assistant Director<br><br>*/s/ Isaac C. Belfer*<br>ISAAC C. BELFER (D.C. Bar No. 1014909)<br>ZACHARY L. COWAN (N.C. Bar No. 53432)<br>Trial Attorneys<br>Consumer Protection Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 386<br>Washington, DC 20044-0386<br>(202) 305-7134 (Belfer)<br>(202) 353-7728 (Cowan)<br>(202) 514-8742 (fax)<br>Isaac.C.Belfer@usdoj.gov<br>Zachary.L.Cowan@usdoj.gov<br><br>*Counsel for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the CM/ECF system, will be sent via electronic mail to the registered participants as identified on the Notice of Electronic Filing.

February 28, 2025                                          */s/ Isaac C. Belfer*
                                                           ISAAC C. BELFER