IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ASBURY AUTOMOTIVE GROUP, INC., *et al.*, | |
| *Plaintiffs*, | No. 4:24-cv-00950-O |
| v. | |
| THE FEDERAL TRADE COMMISSION, *et al.*, | |
| *Defendants*. | |

**Defendants' Response to March 19, 2025, Order**

On March 19, 2025, the Court ordered the parties "to brief the Court as to whether the President's removal of Defendants, Commissioners Alvaro Bedoya and Rebecca Kelly Slaughter, alters the proceedings in this case." ECF No. 33. Defendants respectfully respond as follows.

The President's removal of Commissioners Bedoya and Slaughter does not affect the Federal Trade Commission ("FTC") administrative proceeding that is the subject of this litigation. Defendants continue to assert all of their arguments in support of their motion to dismiss and in opposition to Plaintiffs' (collectively, "Asbury") preliminary injunction motion, with the changes noted in Defendants' Response to Plaintiffs' Supplemental Materials. *See* ECF Nos. 23, 25, 30, 32.

Defendants' motion to dismiss and opposition to Asbury's preliminary injunction motion were based on the deficiencies in Asbury's Complaint and preliminary injunction motion, and those deficiencies remain. The President's removal of Commissioners Bedoya and Slaughter further proves that Asbury has not shown "compensable harm" from the FTC Act's for-cause removal provision and thus is not entitled to relief on its Article II challenge to that provision. *Burgess v. FDIC*, 639 F. Supp. 3d 732, 746 (N.D. Tex. 2022) (O'Connor, J.) (citing *Collins v. Yellen*, 594 U.S. 220, 258–60 (2021)). The President plainly did not "perceive[]" any "inability to

remove" Commissioners Bedoya and Slaughter due to the provision. *Id.* (quoting *Cmty. Fin. Servs. Ass'n of Am., Ltd. v. CFPB*, 51 F.4th 616, 632 (5th Cir. 2022)[1]). Asbury also cannot show a "connection between the President's frustrated desire to remove the actor and the agency action complained of" because the President's desire was not frustrated. *See id.* (citing *Cmty. Fin. Servs. Ass'n*, 51 F.4th at 632). Thus, it is now even clearer that Asbury is not entitled to relief on its Article II challenge to the FTC Act's for-cause removal provision.

March 26, 2025

OF COUNSEL:

MATTHEW M. HOFFMAN
Attorney
Office of the General Counsel
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, DC 20580

JAMIE D. BROOKS
JAMES DOTY
Attorneys
Division of Financial Practices
Bureau of Consumer Protection
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, DC 20580

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

AMANDA N. LISKAMM
Director

LISA K. HSIAO
Deputy Director, Civil Litigation

JAMES W. HARLOW
Acting Assistant Director

*/s/ Isaac C. Belfer*
ISAAC C. BELFER (D.C. Bar No. 1014909)
ZACHARY L. COWAN (N.C. Bar No. 53432)
Trial Attorneys
Consumer Protection Branch
Civil Division
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044-0386
(202) 305-7134 (Belfer)
(202) 353-7728 (Cowan)
(202) 514-8742 (fax)
Isaac.C.Belfer@usdoj.gov
Zachary.L.Cowan@usdoj.gov

---

[1] *Rev'd and remanded on other grounds*, 601 U.S. 416 (2024), and *reinstated in part by* 104 F.4th 930 (5th Cir. 2024).

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the CM/ECF system, will be sent via electronic mail to the registered participants as identified on the Notice of Electronic Filing.

March 26, 2025                                         */s/ Isaac C. Belfer*
                                                                       ISAAC C. BELFER