**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| ASBURY AUTOMOTIVE GROUP, INC., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE FEDERAL TRADE COMMISSION, *et al.*,<br><br>*Defendants*. | No. 4:24-cv-00950-O |

**Defendants' Response To Plaintiffs' Supplemental Brief**
**Regarding the FTC's Change in Circumstances**

OF COUNSEL:

MATTHEW M. HOFFMAN
Attorney
Office of the General Counsel
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, DC 20580

JAMIE D. BROOKS
JAMES DOTY
Attorneys
Division of Financial Practices
Bureau of Consumer Protection
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, DC 20580

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

AMANDA N. LISKAMM
Director

LISA K. HSIAO
Deputy Director, Civil Litigation

JAMES W. HARLOW
Acting Assistant Director

ISAAC C. BELFER (D.C. Bar No. 1014909)
ZACHARY L. COWAN (N.C. Bar No. 53432)
Trial Attorneys
Consumer Protection Branch
Civil Division
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044-0386
(202) 305-7134 (Belfer)
(202) 353-7728 (Cowan)
(202) 514-8742 (fax)
Isaac.C.Belfer@usdoj.gov
Zachary.L.Cowan@usdoj.gov

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ........................................................................................................................... 1

   I.   Asbury Is Not Entitled to an Injunction Based on Article II of the U.S. Constitution ....... 1

   II.   Asbury Is Not Entitled to an Injunction Based on Common-Law Quorum Principles ...... 2

CONCLUSION ......................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Assure Competitive Transp., Inc. v. United States*,
  629 F.2d 467 (7th Cir. 1980) ............................................................ 3

*Axon Enter., Inc. v. FTC*,
  598 U.S. 175 (2023) ........................................................................ 2

*Burgess v. FDIC*,
  639 F. Supp. 3d 732 (N.D. Tex. 2022) .............................................. 2

*Cmty. Fin. Servs. Ass'n of Am., Ltd. v. CFPB*,
  51 F.4th 616 (5th Cir. 2022) ........................................................... 2

*Falcon Trading Grp., Ltd. v. SEC*,
  102 F.3d 579 (D.C. Cir. 1996) ...................................................... 4, 5

*FTC v. Flotill Products, Inc.*,
  389 U.S. 179 (1967) ...................................................................... 4, 5

*FTC v. Quincy Bioscience Holding Co.*,
  389 F. Supp. 3d 211 (S.D.N.Y. 2019) ................................................ 4

*In re Fredeman Litig.*,
  843 F.2d 821 (5th Cir. 1988) ........................................................... 2

*Jolley v. United States*,
  No. 21-5181, 2024 WL 1521633 (D.C. Cir. Apr. 9, 2024) .................. 5

*LaPeyre v. FTC*,
  366 F.2d 117 (5th Cir. 1966) ............................................................ 4

*United States v. Facebook, Inc.*,
  No. 19-CV-2184, 2023 WL 8190858 (D.D.C. Nov. 27, 2023) ............ 2

*Vermont Yankee Nuclear Power Corp. v. NRDC*,
  435 U.S. 519 (1978) ........................................................................ 4

*Willis v. Aron*,
  No. 4:23-CV-732, 2024 WL 3223924 (E.D. Tex. June 5, 2024) .......... 2

**Statutes**

15 U.S.C. §

  41 ..................................................................................................... 3

  45(b) ............................................................................................. 2, 5

  45(c) ............................................................................................. 2, 5

  46(g) ................................................................................................ 3

**Regulations**

16 C.F.R. § 4.14(b) ............................................................................. 3

**INTRODUCTION**

Defendants have demonstrated that Plaintiffs (collectively, "Asbury") are not entitled to an injunction halting the Federal Trade Commission's ("FTC") administrative proceeding. *See* ECF No. 23 ("Def. Inj. Opp.").[1] Contrary to Asbury's newest assertions in its Supplemental Brief, ECF No. 37 ("Pl. Supp."), there are no changed circumstances warranting a different conclusion. As set forth below, the President's removal of Commissioners Bedoya and Slaughter does not entitle Asbury to an injunction based on Article II of the Constitution or common-law quorum principles.

**ARGUMENT**

## I.   Asbury Is Not Entitled to an Injunction Based on Article II of the U.S. Constitution

In its Complaint, Asbury alleged that the FTC proceeding violates Article II of the U.S. Constitution because statutory protections insulate FTC Commissioners from being "freely removable by the President." ECF No. 1 ("Compl.") ¶ 78. After Asbury filed its Complaint, the President removed two Commissioners. Nevertheless, Asbury still contends that it is suffering harm from these removal protections. *See* Pl. Supp. at 8. Asbury is incorrect.

Asbury argues that removal protections insulate Commissioners "who do not share the President's policy vision," including with respect to the FTC proceeding at issue. Pl. Supp. at 10. Not so. Before two Commissioners were removed by the President, the FTC voted unanimously to commence the FTC proceeding at issue. *See FTC Takes Action Against Auto Dealer Group Asbury Automotive* (Aug. 12, 2024), https://perma.cc/74T2-XULC. Since two Commissioners were removed, the FTC proceeding has continued. Asbury has not shown that the FTC proceeding is contrary to the President's vision, and it certainly has not shown a nexus between a frustrated desire of the President to remove any Commissioner and the proceeding. Indeed, as Defendants

---

[1] Unless otherwise indicated, emphases in quotations are added, and internal citations, quotation marks, and alteration marks from quotations are omitted.

1

have recognized, "the President plainly did not perceive any inability to remove Commissioners Bedoya and Slaughter." ECF No. 34 ("Def. Supp.") at 2. Thus, Asbury is not entitled to relief under Article II. *See Cmty. Fin. Servs. Ass'n of Am., Ltd. v. CFPB*, 51 F.4th 616, 632 (5th Cir. 2022); *Burgess v. FDIC*, 639 F. Supp. 3d 732, 746 (N.D. Tex. 2022) (O'Connor, J.).

## II.  Asbury Is Not Entitled to an Injunction Based on Common-Law Quorum Principles

Asbury also now claims that the FTC proceeding is unlawful because the President has removed *too many* Commissioners. According to Asbury, the FTC proceeding should be preliminarily enjoined because the FTC "lack[s] a quorum to act without a third Commissioner." Pl. Supp. at 2. This argument fails for four reasons.

*First*, Asbury's new quorum challenge is improperly asserted. It is well established that courts may not issue an injunction—preliminary or otherwise—based on a "matter lying wholly outside the issues in the suit." *In re Fredeman Litig.*, 843 F.2d 821, 825 (5th Cir. 1988). Asbury did not assert a quorum contention in its Complaint, and it cannot add new claims through briefing. Thus, Asbury cannot obtain an injunction based on its quorum challenge. *See United States v. Facebook, Inc.*, No. 19-CV-2184, 2023 WL 8190858, at *7 (D.D.C. Nov. 27, 2023) (declining to enjoin an FTC proceeding based on claims that were "outside the issues in the underlying suit"); *see also Willis v. Aron*, No. 4:23-CV-732, 2024 WL 3223924, at *3 (E.D. Tex. June 5, 2024).

*Second*, even if Asbury's quorum claim was properly asserted, the Court still lacks subject-matter jurisdiction to entertain it. The FTC Act places "review of a final Commission decision in a court of appeals, rather than a district court." *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 181 (2023); *see* 15 U.S.C. § 45(b), (c). *Axon* reaffirmed that "procedural or evidentiary matters an agency often resolves on its way to a merits decision" should be reviewed alongside any final agency order. 598 U.S. at 193. Whether the Commission has a quorum under the FTC Act and FTC Rules is a paradigmatic procedural issue for the Commissioners to address in the first instance. As such, this

is neither the proper time nor place for Asbury to raise its quorum challenge.

**Third**, Asbury cannot obtain an injunction—preliminary or otherwise—because its quorum challenge is meritless. *See* Pl. Supp. at 3–6. Contrary to Asbury's assertions, the FTC Act and FTC Rules authorize the Commission to fulfill its statutory mandate to protect the public even when there are "less than three Commissioners" in office. *Id.* at 3.[2]

Asbury is mistaken in suggesting that Congress was "silent" on whether vacancies should impede the FTC. *Id.* at 4. The FTC Act states that any "vacancy in the Commission shall not impair the right of the remaining Commissioners to exercise all the powers of the Commission." 15 U.S.C. § 41. As Congress intended, the two Commissioners remaining in office may now exercise the Commission's full powers with respect to the FTC proceeding. *See Assure Competitive Transp., Inc. v. United States*, 629 F.2d 467, 472–73 (7th Cir. 1980) (reaching a similar conclusion while examining a "virtually identical" vacancy provision).

Consistent with the FTC Act, the FTC's procedural quorum rule ensures that the Commission can continue operating to protect the public from harm during vacancies. FTC Rule 4.14(b) states that "[a] majority of the members of the Commission *in office* and not recused from participating in a matter . . . constitutes a quorum for the transaction of business in that matter." 16 C.F.R. § 4.14(b). As Asbury concedes, Rule 4.14(b) would allow the FTC to establish a quorum when there are two Commissioners in office. *See* Pl. Supp. at 3.

Asbury nevertheless claims that Rule 4.14(b) is invalid because the FTC lacks authority to make "internal organizational rules." Pl. Supp. at 5. To the contrary, Congress empowered the FTC to "make rules and regulations for the purpose of carrying out" the FTC Act, 15 U.S.C. § 46(g),

---

[2] Because Asbury's quorum challenge fails, its contention that it has now been "left with even less due process" also necessarily fails. *See* Pl. Supp. at 6–7.

which includes quorum rules, *see Falcon Trading Grp., Ltd. v. SEC*, 102 F.3d 579, 582 (D.C. Cir. 1996) (reaching a similar conclusion under a similar statute). Moreover, Asbury's contention is squarely foreclosed by binding precedent—including a decision that Asbury acknowledges in a footnote. *See* Pl. Supp. at 4 n.4. In *LaPeyre v. FTC*, the Fifth Circuit held that an FTC rule defining a quorum was "within the Commission's power to make." 366 F.2d 117, 122 (5th Cir. 1966).[3]

Lastly, Asbury contends that Rule 4.14(b) is invalid because it violates the common-law notion of a quorum. *See* Pl. Supp. at 4. This argument relies on a misunderstanding of *FTC v. Flotill Products, Inc.*, 389 U.S. 179 (1967). Asbury misreads *Flotill* to require a quorum rule that prohibits the FTC from acting with fewer than three Commissioners. But *Flotill* does not *require* the FTC to adopt any particular quorum rule. Rather, *Flotill* found that the FTC was "*justified*" in using a certain quorum rule when the FTC Act was "silent on the question." 389 U.S. at 183; *see Falcon Trading Grp.*, 102 F.3d at 582 (similar). *Flotill* does not suggest other quorum rules are impermissible. To the contrary, courts have since recognized that an agency "may create its own quorum rule" when "not otherwise constrained by statute." *Falcon Trading Grp.,* 102 F.3d at 582.

Even if the FTC was required to adhere to the common-law notion of a quorum (and it is not), Rule 4.14(b) is consistent with the common law. Asbury fails to identify any cases supporting its contention that the common law expressly requires three Commissioners for a quorum when there are vacancies. In fact, courts have held that the common law permits counting a quorum using the number of Commissioners "actually in office" instead of the "number authorized by law." *FTC v. Quincy Bioscience Holding Co.*, 389 F. Supp. 3d 211, 216 (S.D.N.Y. 2019); *see*

---

[3] *See also, e.g., Vermont Yankee Nuclear Power Corp. v. NRDC*, 435 U.S. 519, 543 (1978) ("Absent constitutional constraints or extremely compelling circumstances the administrative agencies should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties.").

*Falcon Trading Grp.*, 102 F.3d at 582 n.2 (similar).[4]

***Fourth***, Asbury has not identified any irreparable harm warranting a preliminary injunction. Asbury's assertions of harm are speculative at best and are thus insufficient for such extraordinary relief. *See* Def. Inj. Opp. at 24. For example, Asbury claims that the Commission could act without an alleged quorum by "voting to adopt a ALJ's Recommendation to find Plaintiffs liable." Pl. Supp. at 2. But it is purely speculative what recommendation the ALJ will make or how the Commissioners will vote. Moreover, the FTC proceeding has been extended by 60 days, and the ALJ hearing is now set for October 20, 2025. *See id.* at 1. In the meantime, the Senate may confirm a third Commissioner, mooting Asbury's quorum claim well-before any FTC action. *See, e.g., Jolley v. United States*, No. 21-5181, 2024 WL 1521633, at *2 (D.C. Cir. Apr. 9, 2024). Asbury also claims that the Commission may lack authority to extend deadlines. *See* Pl. Supp. at 2. But the agency and Asbury are all operating as if the extension is valid, so Asbury has not shown any actual harm. Finally, any procedural harm could be cured on review in the court of appeals, as intended by Congress. *See* 15 U.S.C. § 45(b), (c); *see also* Def. Inj. Opp. at 17, 23–25.[5]

**CONCLUSION**

For the reasons stated above and in Defendants' prior briefing, Defendants respectfully request that the Court deny Asbury's Motion for Preliminary Injunction.

---

[4] Asbury relies on *Flotill*, which described "[t]he almost universally accepted common-law rule" that "in the absence of a contrary statutory provision, a majority of a quorum constituted of a simple majority of a collective body is empowered to act for the body." 389 U.S. at 183. However, *Flotill* did not address whether the "simple majority of a collective body" may be calculated based on the number of members *in office* or must also include vacant seats.

[5] For the same reasons, and those previously explained, the balance of equities and public interest also oppose a preliminary injunction. *See* Def. Inj. Opp. at 25.

April 4, 2025

Of Counsel:

Matthew M. Hoffman
Attorney
Office of the General Counsel
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, DC 20580

Jamie D. Brooks
James Doty
Attorneys
Division of Financial Practices
Bureau of Consumer Protection
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, DC 20580

Respectfully submitted,

Yaakov M. Roth
Acting Assistant Attorney General
Civil Division

Amanda N. Liskamm
Director

Lisa K. Hsiao
Deputy Director, Civil Litigation

James W. Harlow
Acting Assistant Director

*/s/ Zachary L. Cowan*
Isaac C. Belfer (D.C. Bar No. 1014909)
Zachary L. Cowan (N.C. Bar No. 53432)
Trial Attorneys
Consumer Protection Branch
Civil Division
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044-0386
(202) 305-7134 (Belfer)
(202) 353-7728 (Cowan)
(202) 514-8742 (fax)
Isaac.C.Belfer@usdoj.gov
Zachary.L.Cowan@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the CM/ECF system, will be sent via electronic mail to the registered participants as identified on the Notice of Electronic Filing.

April 4, 2025                                    _/s/ Zachary L. Cowan_
                                                 ZACHARY L. COWAN