**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION**

| | |
|---|---|
| ASBURY AUTOMOTIVE GROUP, INC., *et al.*, <br><br> *Plaintiffs*, <br> v. <br> THE FEDERAL TRADE COMMISSION, *et al.*, <br><br> *Defendants*. | No. 4:24-cv-00950-O |

**PLAINTIFFS' RESPONSE TO THE FTC'S SUPPLEMENTAL AUTHORITIES**

Plaintiffs respectfully submit this response to the Federal Trade Commission's ("FTC") Notice of Supplemental Authorities (ECF No. 49).

## I. PROCEDURAL BACKGROUND AND INTRODUCTION

Plaintiffs filed suit on October 4, 2024, seeking injunctive and declaratory relief from the FTC's unconstitutional in-house administrative proceeding against them (ECF No. 1). The parties jointly moved for a four-month stay in the administrative proceeding—which the FTC Commissioners granted—to allow this Court time to consider the parties' contentions. As that stay expired on March 3, 2025, the parties filed another Joint Motion to Stay on February 21, 2025, which the FTC also granted. On July 28, 2025, the parties filed a Joint Motion for Further Continuance to give this Court additional time to rule on Plaintiffs' Motion for Preliminary Injunction (ECF No. 6) and the FTC's Motion to Dismiss (ECF No. 24).

On July 25, 2025, the FTC moved for this Court to allow the filing of two supplemental authorities they contend provide additional authority and analysis related to some of Plaintiffs' claims (ECF No. 46). The authorities the FTC presents to the Court are *Traffic Jam Events, L.L.C. v. FTC*, No. 21-60947, 2025 WL 1904566 (5th Cir. July 10, 2025) and *Walmart v. Chief Administrative Law Judge*, No. 24-11733, 2025 WL 1949488 (11th Cir. July 16, 2025). As set

1

forth in detail below, *Traffic Jam Events, LLC* is an unpublished opinion lacking in precedential value that is easily distinguishable as it arose from an entirely different procedural posture and simply did not consider Plaintiffs' "here and now" injury arguments or the logic of the 2022 United States Supreme Court's opinion in *Axon Enter., Inc. v. FTC*. Similarly, *Walmart* is outside of circuit precedent that is also distinguishable, as it involved the plenary power of an officer removable at will by the President over the ALJ at issue.

## II.   ARGUMENT AND AUTHORITIES

### A.  *Traffic Jam Events L.L.C.* is Unpublished and Distinguishable

The FTC's citation to *Traffic Jam Events, L.L.C. v. FTC* as a basis to dismiss Plaintiffs' Article II challenges is misplaced on several key grounds. Initially, the opinion is "not designated for publication". *See Traffic Jam Events, L.L.C.*, 2025 WL 1904566 at, *1. Under the rules of the Fifth Circuit, this reflects the opinion is an "unpublished" opinion. *See* Fifth Cir. R. 47.5.4. "Unpublished opinions issued on or after January 1, 1996, **are not precedent**, except under the doctrine of res judicata, collateral estoppel or law of the case (or similarly to show double jeopardy, notice, sanctionable conduct, entitlement to attorney's fees, or the like)." *Id* (emphasis added).

Moreover, this unpublished opinion arose on petition for review by Traffic Jam Events L.L.C. *after* an adverse administrative decision by the FTC. *See Traffic Jam Events, L.L.C.*, 2025 WL 1904566 at, *1. As a result, the Fifth Circuit panel that issued the unpublished Traffic Jam Events, L.L.C. opinion[1] did not consider the arguments Plaintiffs make before this Court based on the inescapable logic of *Axon* that they should not have to endure the FTC Proceeding because it is an illegitimate proceeding presided over by an illegitimate decisionmaker and that after *Axon* Plaintiffs do not have the burden to show harm from unconstitutional removal protections.

---

[1] The panel was comprised of Judges Stewart, Dennis, and Richman.

2

In fact, *Axon* is only mentioned once in a footnote by the panel for the proposition that the petitioner had not waived its ability to make appointments clause arguments under a theory that it failed to exhaust administrative remedies. *See Traffic Jam Events, L.L.C.*, 2025 WL 1904566 at, *3. The opinion arose out of a different procedural posture and simply does not address Plaintiffs' *Axon* arguments, which multiple of this Court's sister courts have considered and found compelling (as Plaintiffs have delineated at length in their prior briefing). For the foregoing reasons, this unpublished opinion of one particular Fifth Circuit panel should not guide this Court in its consideration of Plaintiffs' Article II claims and arguments.

The unpublished *Traffic Jam Events* opinion is of even less value to the Court with regard to the Plaintiffs' Article III and Seventh Amendment claims. As to Article III, the opinion only briefly recites that in connection with Traffic Jam's due process claim, in which Traffic Jam noted that "judicial power is reserved for Article III courts." *See Traffic Jam Events, L.L.C.*, 2025 WL 1904566 at, *4. As to the Seventh Amendment, the panel simply concluded that Traffic Jam had forfeited that claim because it raised it *too late* and because no miscarriage of justice would occur since Traffic Jam had *previously insisted* that the FTC should assert claims against it in an administrative proceeding. *See id*, at *3. This is completely contrary to Plaintiffs' position here.

As to Plaintiffs' Due Process claim, there are important distinctions from the one Traffic Jam L.L.C. made. Unlike that entity, Plaintiffs' challenge goes beyond the dual-role structure. While Plaintiffs echo Traffic Jam, L.L.C.'s concerns regarding that structure, they also raise broader concerns about the FTC's adjudicative framework. These include challenges to the FTC's procedural rules, such as the limited time allotted for expert witness disclosures and the inconsistent requirements around motion practice—which diverge significantly from the process in Article III courts—and the specific application of FTC rules against Plaintiffs.

**B. *Walmart* is an Easily Distinguishable Out-of-Circuit Opinion**

Initially, the Eleventh Circuit *Walmart* panel[2] opinion is not binding on this Court as an out-of-circuit case. It is also important to note that the panel's determination of the constitutionality of ALJ removal protections for the ALJ at issue ( is directly at odds with the determination of the Fifth Circuit panel in *Jarkesy* as regards SEC ALJs. Indeed, the Eleventh Circuit panel explicitly disagreed with the 5th Circuit's *Jarkesy* reasoning and analysis. *See Walmart*, 2025 WL 1949488 at, * 23 (emphasis added)(citation omitted)("We do not think *Jarkesy* is persuasive on this point, for the Fifth Circuit majority ***incorrectly concluded*** that SEC ALJs 'perform[ed] substantial executive functions.'")

The *Walmart* case is also distinguishable in a key respect. The Eleventh Circuit repeatedly emphasized that the Attorney General had plenary authority over the ALJ at issue and that the Attorney General is removable at will by the President. *See, e.g., Walmart*, 2025 WL 1949488 at, * 24 (emphasis added) ("***[C]ritically*** here, . . . the adjudicative decisions made by the Department's ALJs in OCAHO are subject to direct and plenary review by a higher official ***who can be removed at will by the President***.") That is dissimilar from the situation involving FTC ALJs. At present there is arguably no authority exercising plenary authority over FTC ALJs that is fully answerable to the president. In fact, unless this Court concludes that *Humphrey's Executor* no longer applies to the present-day FTC and therefore that the statute providing removal protection for the FTC commissioners is invalid or *Humphrey's Executor* is explicitly overruled,[3] there are arguably three

---

[2] The panel was comprised of Judges Jordan, Jill Pryor, and Hull.

[3] Notably, just a week ago, in a U.S. Supreme Court emergency docket opinion concerning whether President Trump can fire members of the U.S., Consumer Products Safety Commission (CPSC), Justice Kagan wrote as follows in dissent: "On the court's emergency docket . . . the majority has effectively expunged *Humphrey's* from the U.S. Reports." *See Trump v. Boyle*, __ S.Ct. __, 2025 WL 2056889 at, *2 (July 23, 2025). Justice Kagan is correct. The Supreme Court has made clear district courts should use their "equitable discretion" to eliminate barriers preventing the President of the United States from firing commissioners who "exercise[] executive power in a similar manner as the National Labor Relations Board" and the CPSC. *Id*. Here the FTC Commissioners exercise similar executive powers to the NLRB and CPSC.

4

layers of for cause removal protections shielding the FTC ALJs. That is, there is no one removable at will by the President upstream from FTC ALJs and controlling them.

Furthermore, severance is not a clean option in the case of FTC ALJs. Initially, in prior briefing, Plaintiffs explained at length the difficulty in striking the removal protections for either ALJs or MSPB members because of the effect on ALJs other than FTC ALJs and the lack of instruction as to which Congress might wish to keep versus sever. Moreover, again, the FTC is an "independent" agency with commissioners who can only be removed "for inefficiency, neglect of duty, or malfeasance in office[4]" who are the ones ultimately responsible for initiating an MSBP action to remove an ALJ. In contrast, in *Walmart*, the Eleventh Circuit wrote that if it were "to find the removal protection unconstitutional, [it] need only sever one level of protection and leave the Department's ALJs ***removable at will by the Attorney General, who also is removable at will***." *See, e.g., Walmart*, 2025 WL 1949488 at, * 28 (emphasis added). In other words, at present the Court arguably cannot sever its way to someone accountable to the president (absent finding that *Humphreys Executor* does not apply to the present-day FTC or its explicit appellate overruling).[5]

### III.   CONCLUSION

For the foregoing reasons, *Traffic Jam Events, L.L.C. v. FTC*, and *Walmart v. Chief Administrative Law Judge* are neither controlling nor persuasive in this case.

Dated: July 30, 2025                                          Respectfully submitted,

---

[4] 15 U.S.C. § 41.

[5] *See, e.g., Space Expl. Technologies Corp. v. Nat'l Labor Relations Bd*., 741 F.Supp.3d 630, 639 (appeal filed)(citations omitted) (W.D. Tex. 2024)("The removal protections that the APA gives to ALJs are 'a central part of the Act's overall scheme' to protect against the troubling questions that arise from an agency's commingling of adjudicative and prosecutorial functions . . . . Congress designed the NLRB to be an independent agency insulated from presidential control . . . . And finally, to further insulate the ALJs, Congress created the MSPB . . . ."); *Aunt Bertha v. NLRB*, No. 4:24-cv-00798-P, 2024 WL 4202383 at, *5 (N.D. Tex. Sept. 16, 2024)(expressing skepticism that severance was a proper remedy for an improperly insulated NLRB ALJ even at final judgment).

| | |
|---|---|
| Todd A. Murray<br>(Texas State Bar No. 00794350)<br>2021 McKinney Avenue, Suite 1600<br>Dallas, Texas 75201<br>Tel: 214.999.3000<br>Fax: 214.999.4667<br>Email: tmurray@foley.com<br>Michael J. Lockerby<br>(Pro hac vice)<br>Megan Chester<br>(Pro hac vice)<br>Washington Harbour<br>3000 K Street N.W., Suite 600<br>Washington, D.C. 20007<br>Tel.: 202.672.5300<br>Fax: 202.672.5399<br>Email: mlockerby@foley.com<br>Email: mxchester@foley.com | FOLEY & LARDNER LLP<br>By: */s/ Edward D. Burbach*<br>Edward D. Burbach\*<br>(Texas State Bar No. 03355250)<br>John Sepehri<br>(Texas State Bar No. 00797408)<br>Robert F. Johnson III<br>(Texas State Bar No. 10786400)<br>Brandon M. Livengood<br>(Texas State Bar No. 24128022)<br>600 Congress Avenue, Suite 2900<br>Austin, Texas 78701<br>Tel: 512.542.7000<br>Fax: 512.542.7100<br>Email: eburbach@foley.com<br>Email: jsepehri@foley.com<br>Email: rjohnson@foley.com<br>Email: brandon.livengood@foley.com<br>_____<br>\*Attorney in charge |

*Counsels for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the CM/ECF system, will be sent via electronic mail to the registered participants as identified on the Notice of Electronic Filing.

July 30, 2025                                */s/ Edward D. Burbach*
                                             EDWARD D. BURBACH