**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FT. WORTH DIVISION**

| | |
|---|---|
| ASBURY AUTOMOTIVE GROUP, INC., *et al.*, | |
| *Plaintiffs*, | No. 4:24-cv-00950-O |
| v. | |
| THE FEDERAL TRADE COMMISSION, *et al.*, | |
| *Defendants*. | |

**Defendants' Opposition to Plaintiffs' Motion for Reconsideration**

OF COUNSEL:

MATTHEW M. HOFFMAN
Attorney
Office of the General Counsel
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, DC 20580

MARK L. GLASSMAN
DANIEL DWYER
JAMIE D. BROOKS
JAMES DOTY
SARAH ABUTALEB
Attorneys
Division of Financial Practices
Bureau of Consumer Protection
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, DC 20580

BRETT A. SHUMATE
Assistant Attorney General

JORDAN C. CAMPBELL
Deputy Assistant Attorney General

SARMAD M. KHOJASTEH
Senior Counsel
Civil Division

LISA K. HSIAO
Acting Director

JAMES W. HARLOW
Acting Assistant Director

ISAAC C. BELFER (D.C. Bar No. 1014909)
ZACHARY L. COWAN (N.C. Bar No. 53432)
Trial Attorneys
Enforcement & Affirmative Litigation Branch
U.S. Department of Justice
450 5th Street, NW, Suite 6400-South
Washington, DC 20044-0386
(202) 305-7134 (Belfer)
(202) 353-7728 (Cowan)
(202) 514-8742 (fax)
Isaac.C.Belfer@usdoj.gov
Zachary.L.Cowan@usdoj.gov

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

ARGUMENT ................................................................................................................... 3

    I.    Because Asbury Has Appealed, The Court Lacks Jurisdiction To Reconsider The Order, And An Indicative Ruling Would Be Inappropriate ................................................................... 3

    II.    Even If The Court Were To Consider An Indicative Ruling, Asbury Has Not Shown That Reconsideration Is Warranted .................................................................................. 6

        A.    Legal Standards ................................................................................................ 6

        B.    Asbury's Reconsideration Motion Fails To Show Irreparable Harm And That The Equities And Public Interest Favor A Preliminary Injunction .............................................. 8

        C.    The Court Correctly Found That Asbury Failed To Show A Likelihood Of Success On The Merits On Its Article II Claims And That These Claims Should Be Dismissed Under Rule 12(b)(6) ................................................................................................. 10

        D.    The Court Correctly Found That Asbury Failed To Show A Likelihood Of Success On The Merits On Its As-Applied Due Process Claims And That These Claims Should Be Dismissed Under Rule 12(b)(1) .......................................................................... 15

CONCLUSION ................................................................................................................ 20

# TABLE OF AUTHORITIES

## Cases

*Alpine Sec. Corp. v. Nat'l Sec. Clearing Corp.*,
   No. 2:23-CV-782, 2024 WL 1011863 (D. Utah Mar. 8, 2024) ............................................ 18

*Applewhite v. Sawyer*,
   No. 4:21-CV-985, 2022 WL 16710720 (N.D. Tex. Oct. 6, 2022) ............................... 6, 16, 18

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .......................................................................................................... 8, 12

*Axon Enterprise, Inc. v. FTC*,
   598 U.S. 175 (2023) ................................................................................................... 2-3, 16-18

*Bank of La. v. FDIC*,
   919 F.3d 916 (5th Cir. 2019) .......................................................................................... 17-18

*Barr v. Am. Ass'n of Pol. Consultants, Inc.*,
   591 U.S. 610 (2020) ............................................................................................................... 11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .......................................................................................................... 8, 12

*Brownback v. King*,
   592 U.S. 209 (2021) ................................................................................................................. 7

*Burgess v. FDIC*,
   No. 7:22-CV-1, 2023 WL 4354219 (N.D. Tex. July 5, 2023) ................................................. 5

*Carr v. United States*,
   No. 3:23-CV-2875, 2025 WL 1255160 (N.D. Tex. Feb. 26, 2025) ......................................... 7

*Chacon v. Granata*,
   515 F.2d 922 (5th Cir. 1975) .................................................................................................. 9

*Collins v. Yellen*,
   594 U.S. 220 (2021) ........................................................................................................... 10-11

*Community Financial Services Association of America, Ltd. v. CFPB*,
   51 F.4th 616 (5th Cir. 2022) .............................................................................................. 10-11

*DaimlerChrysler Corp. v. Cuno*,
   547 U.S. 332 (2006) ................................................................................................................. 7

*Dennis Melancon, Inc. v. City of New Orleans*,
   703 F.3d 262 (5th Cir. 2012) ................................................................................................ 7-8

*Doe v. Tex. Christian Univ.*, No. 4:22-CV-297,
    2022 WL 19403997 (N.D. Tex. Oct. 27, 2022) ........................................................ 6, 16, 20

*Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am.*,
    No. 7:12-CV-133, 2014 WL 3732448 (N.D. Tex. July 29, 2014) ......................................... 6-7

*Free Enter. Fund v. PCAOB*,
    561 U.S. 477 (2010) .............................................................................. 11-12, 14, 16

*Girard v. Drexel Burnham Lambert, Inc.*,
    807 F.2d 490 (5th Cir. 1987) ................................................................................. 4

*Griggs v. Provident Consumer Disc. Co.*,
    459 U.S. 56 (1982) .......................................................................................... 3

*Guy v. Crown Equip. Corp.*,
    394 F.3d 320 (5th Cir. 2004) ................................................................................. 6

*Henry v. First Nat. Bank of Clarksdale*,
    595 F.2d 291 (5th Cir. 1979) ................................................................................. 9

*Hishon v. King & Spalding*,
    467 U.S. 69 (1984) .......................................................................................... 8

*Horsley v. Bell Textron, Inc.*,
    No. 4:19-CV-772, 2021 WL 8999000 (N.D. Tex. July 20, 2021) .......................................... 6

*Lewis v. Casey*,
    518 U.S. 343 (1996) ........................................................................................ 13

*Lindenbaum v. Realgy, LLC*,
    13 F.4th 524 (6th Cir. 2021) ................................................................................ 14

*Jarkesy v. SEC*,
    34 F.4th 446 (5th Cir. 2022) ............................................................................. 14-15

*Medgraph, Inc. v. Medtronic, Inc.*,
    310 F.R.D. 208 (W.D.N.Y. 2015) ......................................................................... 4-5

*Neitzke v. Williams*,
    490 U.S. 319 (1989) ......................................................................................... 8

*Nken v. Holder*,
    556 U.S. 418 (2009) ......................................................................................... 7

*Ohio State NAACP v. Husted*,
    No. 2:14-CV-404, 2014 WL 6698763 (S.D. Ohio Nov. 26, 2014). ......................................... 5

*Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chi. v. Bank of N.Y. Mellon*,
297 F.R.D. 218 (S.D.N.Y. 2013) ........................................................ 4-5

*Ridgely v. FEMA*,
512 F.3d 727 (5th Cir. 2008) ........................................................ 7, 9

*Schlesinger v. Reservists Comm. to Stop the War*,
418 U.S. 208, (1974) ........................................................ 11

*Seila L. LLC v. CFPB*,
591 U.S. 197 (2020) ........................................................ 11-14

*Simfa Rose Pharm. Specialty, Inc. v. Bondi*,
No. 23-CV-61531, 2025 WL 2732566 (S.D. Fla. Aug. 25, 2025) ........................................................ 18

*SO Apartments, LLC v. City of San Antonio, Texas*,
109 F.4th 343 (5th Cir. 2024) ........................................................ 10

*Space Exploration Technologies Corp. v. NLRB*,
151 F.4th 761 (5th Cir. 2025) ........................................................ *passim*

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998) ........................................................ 7

*Templet v. HydroChem Inc.*,
367 F.3d 473 (5th Cir. 2004) ........................................................ 6

*Thunder Basin Coal Co. v. Reich*,
510 U.S. 200 (1994) ........................................................ 3, 16-18

*United States v. Bonilla-Romero*,
984 F.3d 414 (5th Cir. 2020) ........................................................ 13

*United States v. Facebook, Inc.*,
No. 23-5280, 2024 WL 1128083 (D.C. Cir. Mar. 12, 2024) ........................................................ 10

*Walmart, Inc. v. Chief Admin. L. Judge of Off. of Chief Admin. Hearing Officer*,
144 F.4th 1315 (11th Cir. 2025) ........................................................ 12, 14

*Williams-pyro, Inc. v. Warren Watts Tech., LLC*,
No. 4:12-CV-546, 2015 WL 11022771 (N.D. Tex. Sept. 10, 2015) ........................................................ 6

*Winter v. NRDC*,
555 U.S. 7 (2008) ........................................................ 7-8

**Statutes**

5 U.S.C. § 7521(a) ........................................................ 12, 14

15 U.S.C. § 45(a) ............................................................................................................ 9

15 U.S.C. § 45(b) ............................................................................................................ 9

15 U.S.C. § 57 ............................................................................................................... 11

28 U.S.C. § 1292(a)(1) ..................................................................................................... 4

**Rules**

Fed. R. App. P. 4(a)(4)(A)(iv) ......................................................................................... 4

Fed. R. App. P. 4(a)(5) .................................................................................................... 4

Fed. R. Civ. P. 12(b)(1) ................................................................................................... 7

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 8, 12

Fed. R. Civ. P. 12(h) ....................................................................................................... 7

Fed. R. Civ. P. 54(a) ........................................................................................................ 4

Fed. R. Civ. P. 54(b) .................................................................................................... 4, 6-7

Fed. R. Civ. P. 59 ............................................................................................................ 6

Fed. R. Civ. P. 59(e) ........................................................................................................ 4

Fed. R. Civ. P. 60 ............................................................................................................ 6

Fed. R. Civ. P. 62.1 ................................................................................................... 1, 3-5

Fed. R. Civ. P. 62.1(a) ..................................................................................................... 4

**Regulations**

16 C.F.R. § 4.3(b) ......................................................................................................... 19

16 C.F.R. § 3.21(c)(2) .................................................................................................... 19

16 C.F.R. § 3.22(d) ....................................................................................................... 19

16 C.F.R. § 3.31A(f) ...................................................................................................... 19

**INTRODUCTION**

On August 11, 2025, this Court issued an Order dismissing all but one of the Asbury plaintiffs' claims and denying Asbury's motion for a preliminary injunction. ECF No. 51 ("Order"). Dissatisfied with that decision, Asbury has pursued an improper strategy that undermines the traditional appellate process. On September 26, 2025, Asbury simultaneously (1) appealed the Order in its entirety to the U.S. Court of Appeals for the Fifth Circuit, and (2) asked this Court to reconsider several components of the Order. The Court should reject this procedural gamesmanship.

Asbury's notice of appeal divested this Court of jurisdiction to reconsider any aspect of the Order. Moreover, an indicative ruling under Rule 62.1 would be inappropriate. Asbury has not, for example, presented the Court with newly discovered evidence that may obviate the need for appeal. Instead, it has simply asked this Court to reconsider the Order based on legal issues that are now before the Fifth Circuit. Asking two courts to consider the same issues in the same case at the same time is inefficient and a waste of judicial resources. Furthermore, there is no need for this Court to weigh in on the legal implications of the Fifth Circuit's recent decision in *Space Exploration Technologies Corp. v. NLRB ("SpaceX")*, 151 F.4th 761 (5th Cir. 2025), because the Circuit is fully capable of interpreting *SpaceX* in the course of Asbury's appeal. Having chosen to appeal the Order to the Fifth Circuit, Asbury should be held to that choice and should not be permitted to present the same issues at the same time to this Court.

Even if the Court considered Asbury's request for an indicative ruling, it should find reconsideration is not warranted. Asbury requests reconsideration of the Court's denial of its preliminary injunction motion and its dismissal of Count III of the Complaint (as-applied due process challenge to the rules and orders in the administrative proceeding), Count IV (Article II challenge to the dual-layer removal protection for Federal Trade Commission ("FTC")

Administrative Law Judges ("ALJ")), and Count V (Article II challenge to the removal protection for FTC Commissioners). But Asbury has not shown that the denial of its preliminary injunction motion or the dismissal of Counts III–V was erroneous, let alone a manifest error that would justify reconsideration.

Reconsideration of the denial of the preliminary injunction motion is not warranted because Asbury still has failed to show irreparable harm or that the equities favor the company. The administrative proceeding has been repeatedly stayed by the Commission, most recently on November 25, 2025. And to the extent Asbury's irreparable harm and equities arguments rest on its allegations of unlawful removal protections, those arguments fail because Asbury has not shown a likelihood of success on the merits on its Article II claims.

The Court properly dismissed Asbury's Article II claims and denied preliminary relief because the removal protections are severable. When faced with analogous challenges to removal restrictions, the Supreme Court has consistently severed the invalid provision from the remainder of the statute rather than enjoin the government officials from performing their duties. Contrary to Asbury's argument, *SpaceX* does not require a different conclusion. *SpaceX* did not involve a motion to dismiss, which goes to the merits of a complaint, and the Fifth Circuit made clear that severability can be considered as part of the merits inquiry. Moreover, the Fifth Circuit could not have overruled Supreme Court precedent establishing that a plaintiff is not entitled to an injunction (preliminary or otherwise) against administrative proceedings where severance would be the appropriate final remedy. Otherwise, that would afford the plaintiff a greater remedy than what it could obtain at final judgment.

Regarding Asbury's as-applied due process claim, this Court already considered and correctly rejected Asbury's argument of a "here-and-now" injury under *Axon Enterprise, Inc. v.*

*FTC*, 598 U.S. 175 (2023). Asbury also fails to show any error, let alone manifest error, in this Court's application of the factors in *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994), governing the narrow circumstances when a district court has jurisdiction notwithstanding a statutory review scheme vesting exclusive jurisdiction in the Court of Appeals. Although Asbury tries to reframe this claim as a structural, facial challenge to FTC's adjudicative rules, that reframing has no basis in the Complaint, which asserts only an as-applied challenge to the rules and orders in the administrative proceeding against Asbury.

In sum, the Court lacks subject-matter jurisdiction over Asbury's motion for reconsideration, and an indicative ruling under Rule 62.1 would be inappropriate. Even if the Court considered Asbury's request for an indicative ruling, Asbury has failed to show that reconsideration is warranted.

ARGUMENT

## I. Because Asbury Has Appealed, The Court Lacks Jurisdiction To Reconsider The Order, And An Indicative Ruling Would Be Inappropriate

Asbury chose to file simultaneous challenges to the Order in both the Court of Appeals and this Court. It thus deprived this Court of subject-matter jurisdiction to resolve its "Motion for Reconsideration," ECF No. 59. Asbury appealed the Order in its entirety, ECF No. 58, and the Court's conclusions on the government's motion to dismiss were integral to its finding that Asbury failed to show a likelihood of success on the merits for purposes of its preliminary injunction motion, Order 21. Asbury's notice of appeal "conferred jurisdiction on the court of appeals and divest[ed]" this Court of jurisdiction to reconsider any aspect of the Order. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Thus, Asbury concedes—as it must—that the Court may not reconsider the Order unless the "court of appeals remands for that purpose." ECF No. 59

3

at 2. Asbury's "Motion for Reconsideration" must therefore be denied for lack of subject-matter jurisdiction

Asbury's procedural gamesmanship in challenging the Order simultaneously in two courts was not necessary to "preserve appellate rights." ECF No. 59 at 1. The Court's denial of Asbury's preliminary injunction motion was an "order from which an appeal lies" and thus was a "judgment" under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 54(a); *see* 28 U.S.C. § 1292(a)(1); *Girard v. Drexel Burnham Lambert, Inc.*, 807 F.2d 490, 492 (5th Cir. 1987). Asbury could have filed a "motion to alter or amend" the Order under Rule 59(e), and that motion would have tolled the time to appeal until this Court resolved the motion. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Additionally, even seeking reconsideration under Rule 54(b), Asbury could have requested an extension of time to file a notice of appeal to allow time for this Court to resolve the motion for reconsideration. *See* Fed. R. App. P. 4(a)(5).

Asbury also requests an "indicative ruling" from this Court under Rule 62.1, stating that the Court "would grant" a reconsideration motion if the Fifth Circuit remanded for that purpose. *Id.* Under Rule 62.1(a), "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

Asbury's request for an indicative ruling is inappropriate and should be denied because it undermines the ordinary appellate process and is an inefficient use of judicial resources. "This is not a case involving newly discovered evidence or some inadvertence or mistake at the district court level, of which the appellate court would presumably be unaware." *Medgraph, Inc. v. Medtronic, Inc.*, 310 F.R.D. 208, 211 (W.D.N.Y. 2015); *see Ret. Bd. of Policemen's Annuity & Ben.*

*Fund of City of Chi. v. Bank of N.Y. Mellon* ("*Ret. Bd.*"), 297 F.R.D. 218, 221 (S.D.N.Y. 2013) (a party may request an indicative ruling to "further the appeal or obviate its necessity," such as when "newly discovered evidence makes an appeal of [a] judgment unnecessary"). Instead, Asbury requests an indicative ruling based on alleged legal errors in this Court's resolution of Asbury's Article II and as-applied due process claims. Because those are "the very issue[s] on appeal," Asbury's request "only interrupts the appellate process." *Ret. Bd.*, 297 F.R.D. at 221. Moreover, "it is a waste of judicial resources for two courts to be considering the same issues in the same case at the same time." *Id.* at 223 (quotations omitted). Courts have therefore declined to issue an "advisory opinion holding that . . . [the court's] prior opinion[] should be reversed" based on issues currently on appeal. *Ohio State NAACP v. Husted*, No. 2:14-CV-404, 2014 WL 6698763, at *2 (S.D. Ohio Nov. 26, 2014). Indeed, this Court has previously declined under Rule 62.1 to rule on issues addressed in an order that was on appeal. *See Burgess v. FDIC*, No. 7:22-CV-1, 2023 WL 4354219, at *3, *6 (N.D. Tex. July 5, 2023) (O'Connor, J.). It should do the same here.

The grounds for Asbury's motion—"the effect of the [Fifth] Circuit's [*SpaceX*] decision . . . on this Court's prior ruling," *Medgraph*, 310 F.R.D. at 211—confirm that an indicative ruling would be inappropriate. The Fifth Circuit "does not need this Court's advice or opinion" regarding "the meaning of [the Circuit's] own case law." *Id.* at 211 & n.2 (quotations omitted). An advisory opinion from this Court regarding *SpaceX*'s legal implications would be neither necessary nor an appropriate use of this Court's limited resources.

In short, Asbury could have sought relief in the Fifth Circuit or in this Court, but it cannot have it both ways. "Having appealed [this Court's] decision and divested [this Court] of jurisdiction, [Asbury's] recourse is to proceed with the appellate process." *Ret. Bd.*, 297 F.R.D. at 223. Thus, this Court should deny Asbury's request for an indicative ruling.

## II. Even If The Court Were To Consider An Indicative Ruling, Asbury Has Not Shown That Reconsideration Is Warranted

### A. Legal Standards

#### 1. Rule 54(b) Motion For Reconsideration

Asbury seeks relief under Federal Rule of Civil Procedure 54(b), which gives district courts discretion to revise an interlocutory order. *Applewhite v. Sawyer*, No. 4:21-CV-985, 2022 WL 16710720, at *1 (N.D. Tex. Oct. 6, 2022) (O'Connor, J.). Although "the standard for evaluating a motion to reconsider under Rule 54(b) would appear to be less exacting than that imposed by Rules 59 and 60 . . . [,] considerations similar to those under Rules 59 and 60 inform the Court's analysis." *Id.* (alterations in original) (quotations omitted). And "[i]t is clear under Rules 59 and 60 that [m]otions for reconsideration have a narrow purpose and are only appropriate to allow a party to correct a manifest error of law or fact or to present newly discovered evidence." *Id.* (quotations omitted). A "manifest error is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004); *see Williams-pyro, Inc. v. Warren Watts Tech., LLC*, No. 4:12-CV-546, 2015 WL 11022771, at *2 (N.D. Tex. Sept. 10, 2015) (O'Connor, J.). These "guideposts inform the Court's reconsideration of a pre-final-judgment order" under Rule 54(b). *Horsley v. Bell Textron, Inc.*, No. 4:19-CV-772, 2021 WL 8999000, at *3 (N.D. Tex. July 20, 2021) (O'Connor, J.).

Moreover, "despite the district court's broad discretion here, a movant should not use Rule [54] as a vehicle to simply rehash its previously made arguments or . . . to raise an argument for the first time without justification." *Doe v. Tex. Christian Univ.*, No. 4:22-CV-297, 2022 WL 19403997, at *1 (N.D. Tex. Oct. 27, 2022) (O'Connor, J.) (quotations omitted); *see Applewhite*, 2022 WL 16710720, at *1 (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)); *Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am.*, No. 7:12-CV-133, 2014 WL

3732448, at *7 (N.D. Tex. July 29, 2014) (O'Connor, J.) (denying Rule 54(b) motion because the movant "ha[d] not shown a manifest error or presented newly discovered evidence," and its "brief supporting reconsideration [was] replete with arguments previously made in its earlier" briefs and properly rejected by the Court). "[T]he Court's broad discretion under Rule 54(b) must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Carr v. United States*, No. 3:23-CV-2875, 2025 WL 1255160, at *1 (N.D. Tex. Feb. 26, 2025) (quotations omitted).

### 2.  Motion For Preliminary Injunction

"A preliminary injunction is an extraordinary remedy that should only issue if the movant shows: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to [a] non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest." *Ridgely v. FEMA*, 512 F.3d 727, 734 (5th Cir. 2008). The final two factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). The movant must "clearly carr[y] the burden of persuasion on all four requirements." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 268 (5th Cir. 2012); *Winter v. NRDC*, 555 U.S. 7, 22 (2008).

### 3.  Motion To Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject-matter jurisdiction, which must "be established as a threshold matter." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). The Court "presume[s]" to "lack jurisdiction" unless Plaintiffs meet their "burden of establishing it." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006); *see Brownback v. King*, 592 U.S. 209, 217 (2021) (plaintiff "must plausibly allege all jurisdictional elements"). If the burden is not met, the Court "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"To survive a motion to dismiss" under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court need not accept as true "conclusory statements" or "legal conclusions." *Id.* at 678–79. The complaint must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.* at 678, and "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555. "[I]f as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. Asbury's Reconsideration Motion Fails To Show Irreparable Harm And That The Equities And Public Interest Favor A Preliminary Injunction

To obtain a preliminary injunction, Asbury must "clearly carr[y] the burden of persuasion on all four requirements." *Dennis Melancon*, 703 F.3d at 268; *Winter*, 555 U.S. at 22. Here, Asbury has failed to show irreparable harm or that the equities favor a preliminary injunction, so the Court need not reach the merits to find that reconsideration of the denial of Asbury's preliminary injunction motion is not warranted.

The history of the administrative proceeding shows that Asbury faces no irreparable harm. Since this lawsuit was filed, the Commission has agreed on *five occasions* to stay the administrative proceeding—on October 29, 2024; March 25, 2025; June 3, 2025; August 5, 2025, and November 25, 2025—so that Asbury could litigate its constitutional challenges in this Court without having to simultaneously participate in the administrative proceeding. The administrative proceeding is currently stayed. *See* Order Granting the Parties' Joint Expedited Motion for Further Stay and

Continuance of Administrative Proceedings, *In the Matter of Asbury Automotive Group, Inc., et al.*, FTC Docket No. 9436, https://perma.cc/R4ZG-RHBT (Nov. 25, 2025). Because the Commission has repeatedly stayed the administrative proceeding and there is no indication it would be unwilling to grant further stays, Asbury cannot show it faces "imminent" irreparable harm. *Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir. 1975). Moreover, Asbury cannot show the "extraordinary remedy" of a preliminary injunction is "necessary to prevent irreparable injury," or that the equities favor an injunction, because if Asbury believes it needs a stay beyond the current one, it could request that from the Commission. *Ridgely*, 512 F.3d at 734; *Henry v. First Nat. Bank of Clarksdale*, 595 F.2d 291, 302 (5th Cir. 1979).

Asbury is incorrect that the equities favor an injunction in light of *SpaceX*. ECF No. 60 ("Pls.' Br.") at 21. *SpaceX* found that the government is harmed whenever it cannot enforce the law, but that this factor "standing alone" did not outweigh the risk of "unlawful agency action" in that case. 151 F.4th at 780-81. But here, the administrative proceeding is not simply a matter of enforcing a legal technicality. Instead, it implicates important equities concerning consumer welfare. The FTC is conducting the proceeding because it has reason to believe Asbury unlawfully overcharges consumers by packing extras into motor vehicle transactions without customers' knowledge or consent, misrepresenting that additional costly products or services are required when they are not, and misrepresenting that consumers have authorized these charges when they have not. ECF No. 9 at App.8–9. Through the administrative proceeding, the government is seeking to protect the welfare of Americans who may be at risk from unfair and deceptive business practices. *See* 15 U.S.C. § 45(a), (b). These concerns "implicate important public interests, and [Asbury] has not shown that those interests are outweighed by any cognizable harm to [it] or the public from moving forward with the FTC proceeding during the pendency of this [action]."

*United States v. Facebook, Inc.*, No. 23-5280, 2024 WL 1128083, at *1 (D.C. Cir. Mar. 12, 2024); *accord SO Apartments, LLC v. City of San Antonio, Texas*, 109 F.4th 343, 353 (5th Cir. 2024) (finding the equities did not favor a preliminary injunction where a local government sought to protect the "welfare of its residents").

Finally, Asbury argues that the allegedly unlawful removal protections show irreparable harm and that the equities favor a preliminary injunction. *See* Pls.' Br. 20–21. This argument fails, however, because for the reasons discussed below, Asbury has not shown a likelihood of success on the merits on its Article II claims.

### C.  The Court Correctly Found That Asbury Failed To Show A Likelihood Of Success On The Merits On Its Article II Claims And That These Claims Should Be Dismissed Under Rule 12(b)(6)

Count IV of the Complaint alleges that the "dual-layer of insulation from removal" for the ALJ presiding over the administrative proceeding violates Article II of the U.S. Constitution. ECF No. 1 ("Compl.") ¶ 74. Count V alleges that the removal protection for FTC Commissioners violates Article II. *Id.* ¶¶ 78–79.  This Court dismissed Counts IV and V and found Asbury has not shown a likelihood of success on the merits on these, or any other, claims. Order 19–21. These conclusions were correct.

Contrary to Asbury's argument, Pls.' Br. 2–4, *SpaceX* does not warrant reconsideration. *SpaceX* affirmed preliminary injunctions against ongoing National Labor Relations Board proceedings on the grounds that the removal protections for Board members and ALJs violated Article II. 151 F.4th at 773–78, 781. The court held that the plaintiffs did not need to meet the requirements set out in *Collins v. Yellen*, 594 U.S. 220 (2021), and *Community Financial Services*

*Association of America, Ltd. v. CFPB*, 51 F.4th 616 (5th Cir. 2022),[1] to show the challenged removal provisions inflicted compensable harm. *SpaceX*, 151 F.4th at 780. The court interpreted *Collins* and *Community Financial* to apply to "retrospective relief from final agency action" but not prospective relief against an "ongoing proceeding." *Id.*

Under *SpaceX*, this Court's conclusion that "Plaintiffs do not plead the requisite harm under *Collins* and *Community Financial*," Order 20, is erroneous. However, dismissal is proper for the independent reason that the removal provisions are severable. "[W]hen confronting a constitutional flaw in a statute," courts generally "limit the solution to the problem, severing any problematic portions while leaving the remainder intact." *Seila L. LLC v. CFPB*, 591 U.S. 197, 234 (2020) (quoting *Free Enter. Fund v. PCAOB*, 561 U.S. 477, 508 (2010)) (citation omitted); *see Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 221–22 (1974). There is a "strong presumption of severability." *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 591 U.S. 610, 625–26 (2020) (plurality op.) ("The Court's precedents reflect a decisive preference for surgical severance rather than wholesale destruction, even in the absence of a severability clause."). Here, severance would be appropriate because the FTC Act and the APA do not have a "nonseverability clause," and "the remainder of [those statutes are] capable of functioning independently" of the removal protections "and thus would be fully operative as a law." *Id.* at 624–30. In fact, Congress made clear its intent that the FTC Act be severable by expressly providing that "[i]f any provision of this subchapter . . . is held invalid, the remainder of this subchapter . . . shall not be affected thereby." 15 U.S.C. § 57.

---

[1] *Rev'd and remanded on other grounds*, 601 U.S. 416 (2024), and *reinstated in part by* 104 F.4th 930 (5th Cir. 2024).

When faced with analogous challenges to removal restrictions, the Supreme Court has consistently "use[d] a scalpel rather than a bulldozer" by excising the invalid provision while leaving the remainder of the statute intact and declining to enjoin the government officials from performing their duties. *Seila Law*, 591 U.S. at 235–37; *see Free Enter. Fund*, 561 U.S. at 508–09. Moreover, the Eleventh Circuit recently held that, even if the ALJ removal protection in 5 U.S.C. § 7521(a) were unconstitutional, "the 'good cause' restriction in § 7521(a) is easily severable from the rest of the APA," which "would not render the rest of the APA framework incapable of functioning." *Walmart, Inc. v. Chief Admin. L. Judge of Off. of Chief Admin. Hearing Officer*, 144 F.4th 1315, 1348–49 (11th Cir. 2025).

It is true that *SpaceX* held that "the possibility of severance does not preclude preliminary injunctive relief" and that "the severability inquiry . . . belongs to the merits phase, when the court considers final relief." 151 F.4th at 773; *see* Pls.' Br. 14. However, *SpaceX* did not address whether courts may consider severability when, as here, they are resolving a motion to dismiss. A motion to dismiss under Rule 12(b)(6) is addressed to the merits of a case and challenges whether a complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Here, even accepting the complaint's allegations as true, Plaintiffs are not entitled to an injunction against the administrative proceeding because the challenged removal provisions are severable. Thus, Plaintiffs have not stated a plausible claim for relief under Article II, and Counts IV and V were properly dismissed.

Correctly dismissed, Counts IV and V could not support a preliminary injunction. In addition, the severability of the challenged removal protections shows that Plaintiffs were not entitled to a preliminary injunction. *SpaceX* could not have overruled Supreme Court precedent

establishing that where severance would be the appropriate final remedy, a plaintiff is not entitled to an injunction (preliminary or otherwise) against administrative proceedings, which would afford a greater remedy than what it would obtain at final judgment. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 357 (1996) ("The remedy must of course be limited to the inadequacy that produced the injury in fact that the plaintiff has established."); *Reservists Comm. to Stop the War*, 418 U.S. at 222 (when "the relief sought produces a confrontation with one of the coordinate branches of the Government," the "framing of relief" must be "no broader than required" to address any "concrete injury"); *see also United States v. Bonilla-Romero*, 984 F.3d 414, 418–19 (5th Cir. 2020).[2] Here, because Asbury would at most be entitled to severance of the removal protections at final judgment, it is not entitled to greater relief at the preliminary injunction stage, such as an order enjoining the administrative proceeding.

Asbury argues that severing the Commissioner and ALJ removal protections would be contrary to Congressional intent because Congress wanted to ensure Commissioners' and ALJs' independence. Pls.' Br. 14–20. That argument is not viable after *Seila Law*. There, the petitioner cited "references to the CFPB's independence in the statutory text and legislative history" to argue that "Congress would not have wanted to give the President unbridled control over the CFPB's vast authority." 591 U.S. at 236. The Court responded that "[t]hese observations certainly confirm that Congress preferred an independent CFPB to a dependent one; but they shed little light on the critical question whether Congress would have preferred a dependent CFPB to *no agency at all*," which "is the only question we have the authority to decide." *Id.* The Court explained that "the answer seems clear" because refusing to sever the removal provisions and thus eliminating the

---

[2] To the extent there is uncertainty about how *SpaceX* can be reconciled with this Supreme Court precedent, that uncertainty is best resolved by the Fifth Circuit. That is an additional reason to decline to issue an indicative ruling and instead to allow Asbury's appeal to proceed.

CFPB "would trigger a major regulatory disruption and would leave appreciable damage to Congress's work in the consumer-finance arena." *Id.* at 236–37.

So too here. Although Congress preferred independent FTC Commissioners and ALJs to dependent ones, that "shed[s] little light on the critical question whether Congress would have preferred" Commissioners and ALJs to perform their statutory and regulatory functions in the administrative proceeding without removal protection or for them to be unable to perform those functions at all. *Id.* at 236. It "seems clear" Congress would have preferred the former because disabling FTC Commissioners and ALJs "would trigger a major regulatory disruption and would leave appreciable damage to Congress's work in the consumer-[protection] arena." *Id.* at 236–37. As the Eleventh Circuit explained in *Walmart*, "it is not evident that Congress would have preferred no ALJs at all, as opposed to ALJs" without their statutory removal protection. 144 F.4th at 1349. Thus, this Court should follow the lead of *Seila Law*, *Free Enterprise Fund*, and *Walmart* and find that the Commissioner and ALJ removal provisions are severable. *Seila Law*, 591 U.S. at 235–37; *Free Enter. Fund*, 561 U.S. at 508–09; *Walmart*, 144 F.4th at 1348–49.

Contrary to Asbury's argument, severing the challenged removal protections, including the removal protection in 5 U.S.C. § 7521(a) for ALJs at FTC as well as other agencies, would not require an "invasion of the legislative domain." Pls.' Br. 18–19. Instead, this Court would simply exercise its "negative power to disregard an unconstitutional enactment." *Seila Law*, 591 U.S. at 237–38; *see Lindenbaum v. Realgy, LLC*, 13 F.4th 524, 528–29 (6th Cir. 2021).

*Jarkesy v. SEC*, 34 F.4th 446 (5th Cir. 2022), poses no obstacle to severing these removal protections. Pls.' Br. 19–20. *Jarkesy* held that "the statutory removal restrictions for SEC ALJs are unconstitutional" and rejected the SEC's argument that it could "interpret the for-cause protections for ALJs to instead allow removal for essentially any reason." 34 F.4th at 463, 465. But *Jarkesy*

did not consider whether the removal protection could be severed. Moreover, although *Jarkesy* vacated the SEC's judgment based on other constitutional violations, it expressly did "not address whether vacating would be appropriate based on" the unconstitutional ALJ removal protection "alone." *Id.* at 465–66.

Also, this case does not present the same concerns that animated *Jarkesy*. The SEC's proposed statutory interpretation in *Jarkesy* "would not solve the Article II problem" because "members of both the MSPB and the Commission have for-cause protection from removal by the President," such that "at least two layers of for-cause protection" stand in the way of the President's removing an SEC ALJ. *Id.* at 465. Here, by contrast, the challenged removal protections could be severed such that there are not two layers of for-cause protection for the ALJ in the administrative proceeding.

### D. The Court Correctly Found That Asbury Failed To Show A Likelihood Of Success On The Merits On Its As-Applied Due Process Claims And That These Claims Should Be Dismissed Under Rule 12(b)(1)

Count III asserts a due process claim consisting of two parts: (1) a facial challenge to the FTC's combination of prosecutorial and adjudicative functions, and (2) an as-applied challenge to the rules and orders in the administrative proceeding. Compl. ¶¶ 10, 49–51, 69–72. The Court dismissed Asbury's facial challenge for failure to state a claim for relief, Order 18–19, and Asbury does not seek reconsideration of that decision. The Court also dismissed Asbury's as-applied due process challenge for lack of subject-matter jurisdiction. *Id.* 10–14. Asbury seeks reconsideration of this ruling but fails to show any error, much less manifest error. Instead, Asbury rehashes prior arguments without showing any error in the Court's well-reasoned analysis, and it mischaracterizes the claim as a structural challenge when the Complaint plainly makes an *as-applied* challenge.

### 1. Asbury Fails To Show Grounds For Reconsideration Of The Dismissal Of Its As-Applied Due Process Challenge

Asbury argues that it presents a "here-and-now injury akin to those asserted in *Axon*." Pls.' Br. 24. The Court already considered and correctly rejected this argument. Order 10–14. Asbury's "as-applied Fifth Amendment due process challenge"—challenging "determinations about scheduling, deposing officials, and attorney confidentiality"—"is precisely a challenge to the 'commonplace procedures agencies use to make' substantive decisions." Order 13 (quoting *Axon*, 598 U.S. at 189) (footnotes omitted). The Court explained that Asbury's "as-applied challenge has nothing in common with *Axon*'s challenge 'to the structure or very existence of an agency,'" but instead "is more like [the due process claim] in *Thunder Basin*, over which the district court did not have jurisdiction." *Id.* (quoting *Axon*, 598 U.S. at 189).[3] The Court should not now permit Asbury to "rehash its previously made [*Axon*] arguments" that the Court properly rejected. *Doe*, 2022 WL 19403997, at *1.

Asbury also challenges this Court's application of the *Thunder Basin* factors for determining whether a statutory review scheme precludes district court jurisdiction, Pls.' Br. 24–25, but it fails to show any error, let alone anything approaching "manifest error," *Applewhite*, 2022 WL 16710720, at *1.[4] On the first *Thunder Basin* factor, Asbury again analogizes to *Axon*, contending that unfair rules "make the proceeding illegitimate; therefore, post-proceeding relief is

---

[3] Although *Axon* established a narrow exception to statutory review schemes for "extraordinary claims" of the sort presented in that case, 598 U.S. at 180, it did not change the principle that "statutory schemes for agency review '[g]enerally' are 'exclusive,'" *id.* at 185 (quoting *Free Enter. Fund*, 561 U.S. at 489); *see id.* at 192 ("Nothing we say today portends newfound enthusiasm for interlocutory review.").

[4] Asbury argues that *SpaceX* "raises the specter of reconsideration for the Court's rulings on the Plaintiffs' due process claim" because *SpaceX* applied *Thunder Basin* and *Axon*. Pls.' Br. 22 (cleaned up). But *SpaceX* did not consider a due process claim and thus provides no reason to reconsider the Court's application of the *Thunder Basin* factors to Asbury's as-applied due process challenge.

inadequate." Pls.' Br. 25 (citing *Axon*, 598 U.S. at 191). But in *Axon*, the plaintiffs' injury was simply "being subjected" to "unconstitutional agency authority," and any future appellate decision vacating the agency's order could "do nothing" to remedy that past harm. 598 U.S. at 191. Here, by contrast, Asbury's alleged due process injury is not simply being subjected to the administrative proceeding, but rather being "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. Asbury could suffer such injury only if the FTC issued an adverse order without necessary procedural safeguards. Should that occur, the Court of Appeals could vacate that order and remedy any injury. Thus, precluding district court jurisdiction would not "foreclose all meaningful judicial review" of Asbury's as-applied due process claim. Order 13 (quoting *Axon*, 598 U.S. at 186).

For the same reasons, Asbury's as-applied due process claim is not "wholly collateral" to the FTC enforcement scheme under the second *Thunder Basin* factor. *Axon*, 598 U.S. at 186. (cleaned up). Asbury fears that a future FTC order would "deprive[] [it] of life, liberty, or property, without due process of law," U.S. Const. amend. V—not that it is being subjected to the administrative proceeding "in the first place," Pls.' Br. 25. Moreover, Asbury has no response to the Court's finding that Asbury's "as-applied due process claim is not 'wholly collateral' to the FTC enforcement scheme" because it "arises from the alleged procedural deficiencies 'in the agency enforcement proceedings'" and thus is "'inextricably intertwined with the conduct of'" those particular proceedings. Order 14 (quoting *Bank of La. v. FDIC*, 919 F.3d 916, 928 (5th Cir. 2019)).

On the third *Thunder Basin* factor, regardless of whether the FTC has expertise in constitutional law, Pls.' Br. 25, this Court correctly explained that "the FTC's expertise in the statutes it administers may 'shed light' on [Asbury's] claim." Order 14 (quoting *Bank of La.*, 919

F.3d at 929–30). For example, the FTC's substantive expertise in the statutory provisions Asbury is accused of violating may give the agency insight into how to ensure Asbury has a fair opportunity to respond to those accusations. Moreover, as this Court correctly observed, "the FTC may 'moot[]' the claim if it ultimately finds in [Asbury's] favor." *Id.* (quoting *Bank of La.*, 919 F.3d at 929–30). In sum, Asbury has not shown any error, let alone "manifest error," in this Court's *Thunder Basin* analysis. *Applewhite*, 2022 WL 16710720, at *1.

Finally, the Court's analysis is consistent with how several other courts have resolved this issue. *Thunder Basin* itself held that a statutory review scheme divested the district court of jurisdiction over the plaintiff's due process claim. 510 U.S. at 218. Subsequent district court decisions have followed suit. *See, e.g.*, *Simfa Rose Pharm. Specialty, Inc. v. Bondi*, No. 23-CV-61531, 2025 WL 2732566, at *11–13 (S.D. Fla. Aug. 25, 2025), *report and recommendation adopted*, No. 0:23-CV-61531, 2025 WL 2717151 (S.D. Fla. Sept. 24, 2025); *Alpine Sec. Corp. v. Nat'l Sec. Clearing Corp.*, No. 2:23-CV-782, 2024 WL 1011863, at *4–6 (D. Utah Mar. 8, 2024), *appeal dismissed*, No. 24-4027, 2025 WL 2550336 (10th Cir. Apr. 10, 2025).

The Court did not err in resolving Asbury's due process claim and thus reconsideration is not warranted.

### 2. Asbury Mischaracterizes Its As-Applied Due Process Challenge

In an attempt to show subject-matter jurisdiction under *Axon*, Asbury argues that it "raised a structural challenge" to FTC's adjudicative rules, challenging them "on their own facial terms" because they "inherently deny due process against all parties appearing in the agency's in-house tribunal." Pls.' Br. 22–23. But this reframing of Asbury's due process claim has no basis in the Complaint. The Complaint alleged that "*as applied* to the Asbury Plaintiffs," the administrative proceeding "deprives the Asbury Plaintiffs of due process regardless of whether in-house adjudication under the FTC Act generally" violates due process. Compl. ¶ 10 (emphasis in

18

original); *id.* ¶ 70 ("As applied to the Asbury Plaintiffs, the FTC Proceeding violates the Due Process Clause."); *see also id.* ¶¶ 49–51, 69–72. Asbury's brief in support of a preliminary injunction likewise argued that "[t]he FTC Act—*as applied* in the FTC Proceeding against the Asbury Plaintiffs—deprives them of due process," and that "[t]he issue before this Court is simply whether the current FTC Proceeding against the Asbury Plaintiffs passes constitutional muster under the Due Process Clause." ECF No. 8 at 17-18 (emphasis in original). And Asbury's response to Defendants' motion to dismiss argued that Asbury was being denied due process "by the FTC's Adjudicatory Rules through the ALJ's use of the FTC's form Protective Order and the ALJ's Scheduling Order," focusing on the procedural safeguards available to Asbury "in practice" and "[i]n reality." ECF No. 28 at 14-16. In sum, Asbury's Complaint and briefing make clear that its challenge to the rules and orders in the administrative proceeding is an as-applied challenge, not a facial or structural challenge.

Moreover, a facial challenge to the FTC's administrative rules makes no sense because those rules give the ALJ discretion to extend the deadlines that Asbury cites. For example, Asbury complains that the FTC's rules provide "only 14 days to file an initial responsive pleading," Pls.' Br. 23, yet the ALJ has discretion to extend this deadline or "any time limit prescribed by the rules," subject to limited exceptions, 16 C.F.R. § 4.3(b). Asbury further complains it has "only 10 days to respond to motions filed by" Complaint Counsel, Pls.' Br. 23, yet the ALJ also has discretion to extend this time, 16 C.F.R. § 3.22(d). Asbury additionally claims it must "serve a list of experts intended to be used as witnesses no later than 1 day after the close of fact discovery and at the same time" as Complaint Counsel and must "serve an expert report no later than . . . 14 days after the deadline for service of complaint counsel's expert reports." Pls.' Br. 23. But the ALJ may alter these deadlines for good cause. 16 C.F.R. § 3.31A(f); *see id.* § 3.21(c)(2). Indeed, in this case,

Asbury *is not* required to serve a list of its experts at the same time as Complaint Counsel; the ALJ's scheduling order requires Asbury to serve the list one week after Complaint Counsel serves its list. *See* Third Revised Scheduling Order, *In the Matter of Asbury Automotive Group, Inc., et al.*, FTC Docket No. 9436, at 2, https://perma.cc/DX8L-2GSH (Aug. 21, 2025).[5] Thus, Asbury's deadlines in the administrative proceeding are not mandated by the FTC's adjudicative rules; rather, they result from how the ALJ exercised her discretion to *apply* those rules to Asbury.

Notably, several of the deadlines discussed in Asbury's reconsideration motion were not challenged in its Complaint or prior briefing. The reconsideration motion claims a due process violation based on the amount of time Asbury has had to file an initial responsive pleading, respond to Complaint Counsel's motions, and serve a list of experts intended to be used as witnesses. Pls.' Br. 23. But Asbury's Complaint and prior briefing did not challenge any of these deadlines, and the Court should not grant reconsideration based on these arguments raised "for the first time [in Asbury's reconsideration motion] without justification." *Doe*, 2022 WL 19403997, at *1.

CONCLUSION

For the foregoing reasons, the Court should deny Asbury's motion to the extent it seeks reconsideration and should also deny Asbury's request for an indicative ruling. If the Court is inclined to issue an indicative ruling, it should indicate that it would deny reconsideration.

---

[5] This is the scheduling order in place as of November 26, 2025. However, it will be amended in light of the stay granted by the Commission on November 25, 2025. *See* Order Granting Joint Motion to Hold December Discovery Deadlines in Abeyance, *In the Matter of Asbury Automotive Group, Inc.*, FTC Docket No. 9436, https://perma.cc/DN3Z-KBDX (Nov. 26, 2025).

November 26, 2025                         Respectfully submitted,

                                         _/s/ Zachary L. Cowan_
                                         ISAAC C. BELFER (D.C. Bar No. 1014909)
                                         ZACHARY L. COWAN (N.C. Bar No. 53432)
                                         Trial Attorneys
                                         Enforcement & Affirmative Litigation Branch
                                         U.S. Department of Justice
                                         450 5th Street, NW, Suite 6400-South
                                         Washington, DC 20044-0386
                                         (202) 305-7134 (Belfer)
                                         (202) 353-7728 (Cowan)
                                         (202) 514-8742 (fax)
                                         Isaac.C.Belfer@usdoj.gov
                                         Zachary.L.Cowan@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the CM/ECF system, will be sent via electronic mail to the registered participants as identified on the Notice of Electronic Filing.

November 26, 2025                                    */s/ Zachary L. Cowan*
                                                     ZACHARY L. COWAN