IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ASBURY AUTOMOTIVE GROUP, INC., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> THE FEDERAL TRADE COMMISSION, et al., <br><br> Defendants. | No. 4:24-CV-00950-O |

## Notice Regarding Status of Appeal
*Asbury Automotive Group Inc. v. FTC*, No. 25-11102 (5th Cir. docketed Oct. 10, 2025)

Plaintiffs submit this notice on their appeal from this Court's August 11, 2025 Order. In that Order, the Court denied Plaintiffs' request for an injunction and granted the Defendants' motions to dismiss some of Plaintiffs' claims (Doc. 51). However, a mere eight days later the Fifth Circuit issued a new opinion resulting in Plaintiff's motion for reconsideration. *Space Exploration Technologies Corp. v. NLRB*, No. 24-10855, 2025 WL 2396748 (5th Cir. Aug. 19, 2025) ["*SpaceX*"] (Docs. 52, 56). This Court then set a briefing schedule and the parties have fully submitted their briefs (Doc. 57, 59, 60, 68, 69). In order to ensure preservation of appellate rights, Plaintiffs also appealed to the Fifth Circuit (Doc. 58). Plaintiffs then invited the Fifth Circuit to dismiss the appeal *without prejudice* pending determination of their reconsideration motion. (Doc. 70, 71).

Plaintiff advises this court that on January 6, 2026, the Fifth Circuit issued the attached one sentence *per curiam* Order dismissing Plaintiff's appeal without prejudice. Exhibit 1. The district clerk has not yet filed the appellate record, there is currently no appellate briefing deadline, and, in light of the *per curiam* order, it is not clear why the Fifth Circuit decided not to *grant* Plaintiffs'

motion to dismiss the appeal without prejudice.  Regardless, this Court still retains power to issue its "indicative ruling" pursuant to Federal Rule of Civil Procedure 62.1.

That is, this Court retains power to "(1) defer considering the motion for reconsideration; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). Option (3) would allow for further relief in the court of appeals under Rule 62.1(c) and FRAP 12.1.

Importantly, although the Fifth Circuit currently has appellate jurisdiction over this Court's *temporary injunction* ruling—appealable as of right pursuant to 28 U.S.C. § 1292(a)(1)—the Plaintiffs' appeal did not necessarily establish appellate jurisdiction over this Court's *dismissals* under Rule 12(b) (Doc. 51).  *See* Fed. R. Civ. P. 54(b) (stating that an order adjudicating less than all claims or the rights/liabilities of less than all parties "may be revised at any time before" entry of final judgment).

If this Court issues an indicative ruling, that could obviate the need for any appeal. As the matter is now fully briefed in this Court, ruling on the motion for reconsideration through an indicative ruling can serve the interests of judicial economy by determining the matter in the first instance. Indeed, appellate courts denominate themselves "courts of review, not first view" and routinely remand for consideration of matters not addressed by lower courts in the first instance. Thus, Plaintiffs believe the Fifth Circuit is likely to return full jurisdiction to this Court should this Court issue an indicative ruling.[1]

---

[1] Should this Court have concerns about the status of the appeal or the parties' positions in regard to the motion for reconsideration, Plaintiffs invite the Court to set a scheduling conference or status conference with the parties, pursuant to Federal Rule of Procedure 16(a) and (c).

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | */s/ Edward D. Burbach* |
| Todd A. Murray | Edward D. Burbach\* |
| Texas Bar No. 00794350 | Texas Bar No. 03355250 |
| Foley & Lardner LLP | John Sepehri |
| 2021 McKinney, Suite 1600 | Texas Bar No. 00797408 |
| Dallas, Texas 75201 | Robert F. Johnson III |
| Tel: 214.999.3000 | Texas Bar No. 10786400) |
| Fax: 214.999.4667 | Brandon M. Livengood |
| tmurray@foley.com | Texas Bar No. 24128022 |
|  | Foley & Lardner LLP |
| Michael J. Lockerby^ | 600 Congress, Suite 3000 |
| Megan Chester^ | Austin, Texas 78701 |
| Foley & Lardner LLP | Tel: 512.542.7000 |
| Washington Harbour | Fax: 512.542.7100 |
| 3000 K Street N.W., Suite 600 | eburbach@foley.com |
| Washington, D.C. 20007 | jsepehri@foley.com |
| Tel.: 202.672.5300 | rjohnson@foley.com |
| Fax: 202.672.5399 | brandon.livengood@foley.com |
| mlockerby@foley.com |  |
| mxchester@foley.com |  |

\*Attorney in charge
^ Pro hac vice                                              Counsel for Plaintiffs