IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | |
|---|---|
| ASBURY AUTOMOTIVE GROUP, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> THE FEDERAL TRADE COMMISSION, *et al.*, <br><br> *Defendants*. | No. 4:24-cv-00950-O |

**Defendants' Response to Plaintiffs' Notice Regarding Status of Appeal**

On January 12, 2026, Plaintiffs filed a Notice Regarding Status of Appeal, ECF No. 72, which contains several inaccurate or misleading statements. First, contrary to Plaintiffs' Notice, the Fifth Circuit did *not* "dismiss[] Plaintiff's appeal without prejudice." *Id.* at 1. To the contrary, the Fifth Circuit's order stated that Plaintiffs' "motion to dismiss the appeal without prejudice is DENIED." ECF No. 72-1 at 2. Plaintiffs' appeal will proceed, which confirms that this Court lacks jurisdiction to reconsider the order on appeal, ECF No. 51.

Plaintiffs are also wrong that their notice of appeal "did not necessarily establish appellate jurisdiction over this Court's *dismissals* under Rule 12(b)." ECF No. 72 at 2. "[A]n order granting or refusing an injunction brings before the appellate court the entire order, not merely the propriety of injunctive relief." *Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1580 (5th Cir. 1992) (quotations omitted). For example, in *Magnolia Marine*, the Fifth Circuit reversed the grant of an interlocutory injunction because it held that the district court erred in denying a motion to dismiss, even though the denial of the dismissal motion would not have been independently appealable. *Id.* at 1580–81; *see also Munaf v. Geren*, 553 U.S. 674, 691 (2008) ("[T]he question whether an action should be dismissed for failure to

state a claim is one of the most common issues that may be reviewed on appeal from an interlocutory injunction order." (quoting 16 Wright, Miller & Cooper, *Jurisdiction and Related Matters* § 3921.1, p. 32 (2d ed. 1996))).

In this case, the Court issued a single order that both denied Plaintiffs' request for a preliminary injunction and granted in part Defendants' motion to dismiss. ECF No. 51. Moreover, the Court's rulings on Defendants' motion to dismiss "establish[ed] the immediate basis for [denying] injunctive relief." *Magnolia Marine,* 964 F.2d at 1580 (quotations omitted). The Court found Plaintiffs "do not have a substantial likelihood of success on the merits" because their "only viable claim is the Article III claim" in Count I, Counts II–V having been dismissed, and the Court had rejected their argument against dismissal of Count I that "the FTC adjudicates private rights *at law*." ECF No. 51 at 21. Thus, the Fifth Circuit has jurisdiction to review both the denial of injunctive relief and the dismissal that underlies that denial. And because the Fifth Circuit has jurisdiction to review this Court's entire order, this Court lacks jurisdiction to reconsider any aspect of that order.

Finally, an indicative ruling would not "serve the interests of judicial economy." ECF No. 72 at 2. As discussed in Defendants' opposition, ECF No. 68 at 3–5, Asbury's request for "an indicative ruling on the very issue[s] on appeal only interrupts the appellate process" and "is a waste of judicial resources." *Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chi. v. Bank of N.Y. Mellon*, 297 F.R.D. 218, 221, 223 (S.D.N.Y. 2013) (quotations omitted). Moreover, this Court need not opine on "the effect of" *Space Exploration Technologies Corp. v. NLRB*, 151 F.4th 761 (5th Cir. 2025), "on this Court's prior ruling" because the Fifth Circuit "does not need this Court's advice or opinion" regarding "the meaning of its own case law." *Medgraph, Inc. v. Medtronic, Inc.*, 310 F.R.D. 208, 211 & n.2 (W.D.N.Y. 2015) (quotations omitted).

January 16, 2026                                   Respectfully submitted,

OF COUNSEL:                                        BRETT A. SHUMATE
                                               Assistant Attorney General
MATTHEW M. HOFFMAN                                 Civil Division
Attorney
Office of the General Counsel                      JAMES W. HARLOW
Federal Trade Commission                           Acting Assistant Director
600 Pennsylvania Ave., N.W.
Washington, DC 20580                               */s/ Isaac C. Belfer*
                                               ISAAC C. BELFER (D.C. Bar No. 1014909)
                                               Trial Attorney
JAMIE D. BROOKS                                    Federal Programs Branch
JAMES DOTY                                         Civil Division
Attorneys                                          U.S. Department of Justice
Division of Financial Practices                    1100 L Street, NW
Bureau of Consumer Protection                      Washington, DC 20005
Federal Trade Commission                           (202) 305-7134
600 Pennsylvania Ave., N.W.                        (202) 616-8470 (fax)
Washington, DC 20580                               Isaac.C.Belfer@usdoj.gov

                                               ZACHARY L. COWAN (N.C. Bar No. 53432)
                                               Trial Attorney
                                               Enforcement & Affirmative Litigation Branch
                                               U.S. Department of Justice
                                               450 5th Street, NW, Suite 6400-South
                                               Washington, DC 20044-0386
                                               (202) 353-7728
                                               (202) 514-8742 (fax)
                                               Zachary.L.Cowan@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the CM/ECF system, will be sent via electronic mail to the registered participants as identified on the Notice of Electronic Filing.


January 16, 2026                                                                 */s/ Isaac C. Belfer*
                                                                                                                                  ISAAC C. BELFER